**BUSINESS GUIDES, Plaintiff,**

v.

**CHROMATIC COMMUNICATIONS EN- TERPRISES, INC., and Michael Shipp, Defendants.**

**No. C–86–6164 SC (FW).**

United States District Court, N.D. California.

April 12, 1988.

Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Beverly Hills, Cal., James, Gack & Freeman, Santa Rosa, Cal., McCutchen & Doyle, San Francisco, Cal., for plaintiff.

Cooper, White & Cooper, San Francisco, Cal., for defendants.

## ORDER Re: RULE 11 SANCTIONS

CONTI, District Judge.

This action was originally brought by plaintiff Business Guides, Inc. ("Business Guides") against defendants Chromatic Communications Enterprises, Inc. ("Chromatic") and Michael Shipp ("Shipp"). Business Guides alleged copyright infringement and sought an injunction and damages for the alleged improper copying of one of its business directories. The case is currently before the court on the objections of Business Guides and its counsel, Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey ("Finley Kumble"), to the recommendations of Chief Magistrate Woelfen that sanctions be imposed against Business Guides and its counsel, pursuant to Fed.R.Civ.P. 11.

## I. BACKGROUND

Business Guides is a subsidiary of Lebhar–Friedman, a leading publisher of retail trade magazines and journals. Business Guides publishes directories for different areas of retail trade. In 1983, Business Guides began publishing an annual directory of computer products and services. In an effort to protect its directory from possible copyright infringement, Business Guides planted false information, called "seeds," throughout its directory. The seeds consisted of purposely altered street addresses, zip codes, or purposely misspelled names. These seeds were included in the directories so that, if these false entries were to appear in a competitor's publication, Business Guides would have evidence of copyright infringement.

In November of 1986 Business Guides, through its counsel Finley Kumble, filed this action for copyright infringement and applied for a temporary restraining order ("TRO") from this court. Business Guides believed that defendant had copied its directory and reformatted it as a diskette. Business Guides based this belief on the alleged discovery of its seeds in defendant's diskette. Business Guides submitted affidavits under seal, in support of its application for a TRO, alleging that if the information contained in the affidavits was disclosed to the public, the effectiveness of the devices used to apprehend copyright violators would be lost. The court ordered the papers filed under seal.

Business Guides' affidavits stated that defendant had copied ten of plaintiff's seeds. One of the affidavits, that of Victoria Burdick ("Burdick") a sales representative for Business Guides, identified the entries containing the seeds in excerpts from both plaintiff's and defendant's directories. Burdick's affidavit did not specifically identify what was incorrect about the seeds.

Prior to the hearing on plaintiff's application for a TRO, the court requested that Finley Kumble provide it with more specific identification of the seeded information. After relaying the court's request to Business Guides, Finley Kumble informed the court that plaintiff retracted its claims of copying as to three of the ten seeds. Finley Kumble then specifically identified the seeded information contained in the remaining seven seeds and provided the alleged "correct" information.

After this retraction, the court proceeded to determine the accuracy of plaintiff's representations. The court was concerned because plaintiff's affidavits were filed under

seal, and thus defendants had no opportunity to respond to the allegations. The court called one of the entries which it had been told contained seeded information and discovered the alleged incorrect information was actually correct. The court then called each of the remaining six seeds and discovered that neither plaintiff's nor defendant's directories contained the incorrect information as plaintiff had alleged. Of the three remaining seeds, the court could only determine that one was a true seed, in which the falsity of the information given to the court could be confirmed.

Subsequent to the court's discovery of inaccuracies in plaintiff's affidavits, the court referred the matter to Chief Magistrate Woelfen to conduct an evidentiary hearing concerning possible sanctions.

## II. SANCTIONS PROCEEDINGS

The Chief Magistrate conducted two evidentiary hearings, one in December 1986 and one in January 1987. The first hearing was ordered to determine whether plaintiff's counsel Finley Kumble should be sanctioned pursuant to Fed.R.Civ.P. 11. The second hearing was ordered to determine whether Business Guides itself should be subject to sanctions pursuant to Fed.R. Civ.P. 11. At both hearings the parties were represented by Mr. Ephraim Margolin ("Margolin"), a local San Francisco defense attorney.

On April 3, 1987, Chief Magistrate Woelfen recommended that sanctions be imposed against both Business Guides and Finley Kumble. The Chief Magistrate recommended that Business Guides, but not Finley Kumble, be held responsible for filing the inaccurate TRO papers. The Chief Magistrate further recommended that both Business Guides and Finley Kumble be sanctioned for their conduct in defending the sanctions proceedings. The Chief Magistrate doubted the good faith of the parties' representations that the factual errors in the affidavit were attributable to coincidences. The Chief Magistrate also suggested that disciplinary proceedings be instituted against Finley Kumble pursuant to Local Rule 110–7.

The parties, represented by new and separate counsel, filed objections to the April 3 report. Business Guides based its objection on its allegation that new evidence, not previously presented to the Chief Magistrate, was fundamental to a correct understanding of the circumstances of this case. This court did not rule on the objections, but referred the matter back to the Chief Magistrate for a hearing on the new evidence and potential reconsideration of his recommendations.

The Chief Magistrate conducted a third evidentiary hearing on July 9, 1987. Representatives from Business Guides and Finley Kumble were present as well as their respective new counsel. On September 14, 1987, Chief Magistrate Woelfen issued a revised report and recommendation regarding sanctions.

In this report the Chief Magistrate agreed with Business Guides that the evidence not previously before him was fundamental to a correct understanding of the case. The Chief Magistrate found that the new explanation for the occurrence of inaccuracies, the one the parties presented at the third evidentiary hearing, was reasonable. The Chief Magistrate stated that he no longer believed that either Business Guides or its counsel took part in any intentional misrepresentation or cover-up. The Chief Magistrate did, however, recommend that sanctions be imposed against both parties for their conduct.

The Chief Magistrate found sanctions appropriate against Business Guides because "they failed to conduct a proper inquiry, resulting in the presentation of unreasonable and false information to the court." Magistrate's Revised Report and Recommendations Regarding Rule 11 Sanctions ("Revised Report"), p. 12. The Chief Magistrate found that Business Guides used materials they knew or should have known were unreliable for the purpose of creating evidence of copyright infringement.

The Chief Magistrate found that sanctions were not appropriate against Finley Kumble in connection with the initial filing of the TRO application. The Chief Magistrate instead faulted Finley Kumble (along

with Business Guides) for its action a few days after the initial papers were filed. The Chief Magistrate found that both Business Guides and Finley Kumble were put on notice that the court was conducting further inquiry into the factual allegations contained in their TRO papers. In response to an inquiry of the court, one of Finley Kumble's attorneys discovered and removed some of the false material in the affidavit. The Chief Magistrate found that at this point both parties had an obligation to conduct further inquiry into the accuracy of all the remaining material in the affidavit. This the parties failed to do.

The Chief Magistrate also recommended that sanctions be imposed against both parties for their conduct in the defense of the sanctions proceedings. The Magistrate determined that no reasonable person would have been satisfied with the explanations the parties offered with regard to the inaccuracies present in their papers.

Both Business Guides and Finley Kumble have filed objections to the Chief Magistrate's Revised Report. Both parties argue that sanctions are inappropriate in the circumstances of the case. Both parties also argue alternatively that in the event this court finds that the parties have violated Rule 11, the parties have already been punished enough to satisfy the objectives of Rule 11.

## III. APPLICABLE LAW

The Federal Rules of Civil Procedure provide, in relevant part:

> The signature of an attorney or party constitutes a certificate by the signer ... that to the best of the signer's knowledge, information, and belief *formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law,* and it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own

initiative, *shall impose* upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fees.

Fed.R.Civ.P. 11 (emphasis added).

The emphasized language was inserted in Rule 11 as part of the extensive amendments to its terms that were adopted in 1983. *See* 2A Moore's Federal Practice ¶ 11.01[3] (1985). The primary purposes of these amendments were (1) to substitute an objective standard of reasonableness for the previous subjective "good faith" test, (2) to impose on counsel an affirmative duty of diligent investigation of both the facts and the law bearing on the merits of his pleadings, and (3) to render the imposition of sanctions mandatory rather than discretionary when the standards of the Rule have been violated. Note of the Advisory Committee on the 1983 Amendments, 97 F.R.D. 165, 198 (1983); *Hudson v. Moore Bus. Forms, Inc.,* 827 F.2d 450, 453 (9th Cir.1987); *Golden Eagle Dist. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir.1986); *Orange Prod. Credit Assn. v. Frontline Ventures, Ltd.,* 792 F.2d 797, 800 (9th Cir.1986); *Huettig & Schromm, Inc. v. Landscape Contractors Assn.,* 790 F.2d 1421, 1426 (9th Cir.1986); *Eastway Constr. Corp. v. City of New York,* 762 F2d 243, 253–54 (2d Cir.1985).

## IV ANALYSIS

In the instant case, Chief Magistrate Woelflen has issued a lengthy, detailed report recommending sanctions against both Business Guides and Finley Kumble. The report is thorough and well reasoned, and the Chief Magistrate is to be commended for his considerable efforts.

Neither party has raised any serious disagreement with the Chief Magistrate's factual findings and the court therefore adopts the statement of facts as presented in the Magistrate's Revised Report.

The standard of conduct under Rule 11 is one of objective reasonableness. Applying this standard to the circumstances of this

case, it is clear that both Business Guides and Finley Kumble have violated the Rule.

■ The court finds that Business Guides acted unreasonably in filing the TRO. It is undisputed that Business Guides' offered inaccurate information in its papers. Business Guides could easily have checked on the accuracy of the identified seeds (as the court did) prior to submitting the information in an affidavit. The court finds Business Guides' reliance on the accuracy of their process for preparing "seeds" misplaced. The court rejects any claim that Business Guides conducted a "reasonable inquiry" prior to filing this action. The court therefore adopts the Chief Magistrate's finding that Business Guides is deserving of sanctions for its conduct in connection with the filing of the TRO application.

■ The court finds that both Business Guides and Finley Kumble acted unreasonably after the initial filing of the TRO. Both parties were put on notice that the court was conducting further inquiry into the factual allegations contained in the TRO application. Neither party conducted a reasonable investigation of the accuracy of the seeded information after it was discovered that there were problems with three of the seeds. The court agrees with the Chief Magistrate that this failure to investigate is sanctionable conduct pursuant to Rule 11. The court therefore adopts the Chief Magistrate's recommendation that Business Guides and Finley Kumble should be jointly sanctioned for this conduct in connection with the filing of the inaccurate TRO application.

■ The court also finds that both Business Guides and Finley Kumble acted unreasonably in the subsequent defense of the sanctions proceedings. The parties initially sought to explain the fact that some of the alleged incorrect information was actually correct by arguing the occurrences were coincidental. The parties explained that Business Guides had sent a questionnaire to companies in order to compile its directory, and that some of the information in the questionnaire was incorrect. When Business Guides prepared its seeds, the parties explained, it altered the incorrect information in such a way as to make the information correct. The Chief Magistrate summarized this line of defense in his Revised Report:

> At both the December and January hearings, the parties testified plaintiff relied upon the questionnaire, which indicated the spelling was BLEDSOE [one of the "seeds"], for the information presented to the court. They testified that it was only a coincidence that the information represented to the court as incorrect seeded information (BLEDSOE) was actually correct. In my April 3, 1987 Report, I noted that in order for the court to believe defendant's explanation, plaintiff must be able to persuade me that Bledsoe's company incorrectly spelled his name on the questionnaire. More importantly however plaintiff would have had to convince me that it was merely coincidental that plaintiff chose to alter, among thousands of listings contained in the directory, first, this particular listing; second, this particular word in the listing; and third, this particular letter in the word, resulting in an alteration which turned out to be the true spelling of this man's name. I noted plaintiff asked me to believe the occurrence of a very similar coincidence in the COMPUTERLAND seed. I found the occurrence of two such similar and incredible coincidences impossible to believe. Accordingly, I doubted the good faith of the parties' representations and recommended sanctioning them for offering false representations in defense from Rule 11 sanctions. I also suggested that discipline proceedings against Finley, Kumble may also be appropriate pursuant to Local Rule 110-7.

Revised Report, pp. 8–9. It was not until after the Chief Magistrate issued his April 3, 1987 report that the parties uncovered the true reason for the inaccurate information.

The Chief Magistrate has concluded that neither Business Guides nor Finley Kumble were engaged in any intentional misrepresentation or cover-up in their sanction defense. The court accepts this determination. The court finds that the arguments presented to the Chief Magistrate at the

December and January hearings were wholly unsupportable, and that no reasonable attorney or person could have formed "a reasonable belief, after reasonable inquiry, that the explanations contained in those pleadings and professed at those hearings were well-grounded in fact." *Id.* The court also expresses its agreement with the Chief Magistrate's conviction that "[it] should not take the threatened imposition of sanctions or discipline and contempt proceedings to bring attorneys to fulfill their duties as officers of the court." *Id.* p. 22. The court therefore adopts the Chief Magistrate's recommendation that both parties should be sanctioned for their conduct in defense of the sanction proceedings.

Both Business Guides and Finley, Kumble have argued that the Chief Magistrate's interpretation of Rule 11 is erroneous as a matter of law. Finley Kumble argues

> to the extent the Magistrate's Revised Report holds that Finley Kumble can be sanctioned for making (or failing to make) *oral* representations, the new recommendations are wrong as a matter of law. Rule 11 applies only to certifications of writings.... Indeed, Rule 11 may apply only to the attorney who has actually signed a paper, in which case Finley, Kumble's only possible responsibility may be for the TRO application which the Magistrate found did *not* violate Rule 11.

Finley Kumble's Objections to Magistrate's Revised Report And Recommendations, p. 10, fn. 6. Business Guides similarly argues that "Rule 11 has no application to developments subsequent to filing the papers at issue." Business Guides' Sealed Objections to Magistrate's Revised Report, p. 8.

■ The court rejects the parties' interpretation of Rule 11. The parties have not cited to the court controlling authority which indicates the Rule has no applicability to oral representations. The court does not interpret Rule 11 as permitting oral misrepresentation while forbidding the same misrepresentation in writing. The arguments advanced in this case were made in connection with pleadings filed with the court and therefore fall within the scope of Rule 11. The court also rejects

the contention that Rule 11 cannot apply to a party if they did not actually sign the pleadings in connection with the sanction proceedings:

> If the duty imposed by [Rule 11] is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both ..., *and the new rule so provides.*

Fed.R.Civ.P. 11, Note of the Advisory Committee (emphasis added).

■ Having adopted the Chief Magistrate's recommendation that sanctions be imposed against both Business Guides and Finley Kumble, the court must now determine the amount of sanctions. Both parties have argued that in the event the court determines that sanctions are warranted, they have already incurred sufficient expenses in defending this action to serve the Rule 11 purpose of deterring improper conduct. The court is not persuaded by this argument. These sanctions proceedings have occupied an enormous amount of the court's time. Chief Magistrate Woelfen has conducted three evidentiary hearings and has issued two in-depth reports. The Chief Magistrate and his staff have expended well over 130 hours in these satellite proceedings. This court has also dedicated considerable time and effort to these proceedings. This time and effort would have been saved if the parties had acted reasonably in connection with this litigation. It is the taxpayers who are being punished for the parties' misconduct. Therefore the court will impose sanctions in an amount which will reasonably reimburse the taxpayers for the cost of these satellite proceedings.

Before levying sanctions, however, the court will unseal these proceedings and allow the defendants an opportunity to respond to the court's findings, with a motion for sanctions. The court therefore stays the imposition of sanctions and grants defendants thirty (30) days from the date of the filing of this order to file a motion for sanctions.

## V.  ORDER

In accordance with the foregoing, the court orders that:

(1) the recommendations of the Chief Magistrate that sanctions be imposed against Business Guides and Finley Kumble are hereby adopted as the order of this court as set forth in this order;

(2) the objections of Business Guides and Finley Kumble to the recommendations of the Chief Magistrate are denied;

(3) the file in this matter is hereby unsealed; and

(4) the court stays the imposition of sanctions against Business Guides and Finley, Kumble; defendants are granted thirty (30) days from the date of the filing of this order to file a motion for sanctions based on the findings of this court.