**Arthur Davidson WEST, individually and in the name and right of West Lumber Company, West Enterprises, Inc. and West Equipment Company, Plaintiff,**

v.

**Charles B. WEST, West Lumber Company, West Enterprises, Inc., and West Equipment Company, Defendants.**

**Civ A No. 1:88–CV–1577–JOF.**

United States District Court, N.D. Georgia.

March 20, 1989.

Harmon White Caldwell, Jr., Johnson & Montgomery, Alex D. McLennan, Jr., Atlanta, Ga., for plaintiff.

Moreton M. Rolleston, Jr., Atlanta, Ga., for defendants.

ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiff's motion for protective order; plaintiff's motion to strike or in the alternative for more definite statement; plaintiff's motion for leave to exceed the page limitation; plaintiff's motion to file a supplemental brief; plaintiff's motion for attorney's fees; defendants' motion for sanctions; plaintiff's motion to strike defendants' motion for sanctions; and plaintiff's motion for leave to file a second amended complaint. For the reasons discussed below, plaintiff's motion for protective order is DENIED; plaintiff's motion to strike is GRANTED; plaintiff's motion to exceed the page limit is GRANTED; plaintiff's motion to file a supplemental brief is GRANTED; plaintiff's motion for attorney's fees is GRANTED; plaintiff's motion to strike defendants' motion for sanctions is DENIED; defen-

dants' motion for sanctions is STAYED; and plaintiff's motion for leave to file a second amended complaint is GRANTED.

### I. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER.

Plaintiff's motion for protective order of September 21, 1988 was resolved in conference with the court and with the plaintiff's filing of his first amended complaint. Therefore, it is DENIED as moot.

### II. PLAINTIFF'S MOTION TO STRIKE OR FOR MORE DEFINITE STATEMENT.

This motion was granted by the court in conference on October 31. Defendants were directed by the court to amend their complaint or to add the claims in paragraphs 64 and 65 of their answer as a counterclaim. Defendants so amended their answer December 1, 1988. This motion has been granted and complied with.

### III. PLAINTIFF'S MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF THE PAGE LIMITATION.

Plaintiff seeks to file its brief in support of its motion for protective order of plaintiff's attorney. Defendant has not responded and the motion is deemed unopposed. Local Rule 220–1(b). For good cause shown, plaintiff's motion to exceed the page limitation is GRANTED.

### IV. PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS.

Plaintiff asks leave to file a supplemental brief in opposition to defendants' motion to dismiss. Defendant has not responded to the motion, and it is deemed unopposed. Local Rule 220–1(b). For good cause shown, plaintiff's motion to file a supplemental brief is GRANTED.

### V. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES.

■ This motion arose out of plaintiff's attorney's trip to Nassau, The Bahamas, in order to attend the depositions of persons noticed by defendants. None of the depositions noticed were held. Plaintiff's motion for attorney's fees was granted by the court in conference October 31. Plaintiff was directed to file an affidavit if the parties were unable to agree on the amount of attorney's fees and expenses.

Reasonable expenses and attorney's fees are authorized in this situation by Fed.R. Civ.P. 30(g)(1) and (2). The plaintiff is seeking $822.68 in expenses and $2400 in attorney's fees. Plaintiff seeks attorney time for two half-days traveling to and from The Bahamas and one full day for the depositions for a total of sixteen hours. Plaintiff's attorney testifies that his hourly rate is $150 per hour, for a total of $2400 in attorney's fees. Plaintiff's attorney is claiming expenses for air fare of $421.58 and for hotel expenses of $361.10 and $40 for taxi expenses. Expenses therefore total $822.68. Defendants' attorney responds that plaintiff's attorney lost only one day and should be entitled to food and lodging for one night. He suggests that a total of $1500 is appropriate ($1200, one day attorney's fees, $200, hotel, $100, meals and miscellaneous).

Plaintiff's attorney adequately documented in his affidavit his time and expenses in attending the noticed depositions. Because the depositions were scheduled for all day, it was reasonable for him to go the day before and leave the day after. Therefore, the full amount of fees and expenses of $2400 and $822.68 for a total of $3,222.68 are awarded to plaintiff.

### VI. MOTION FOR SANCTIONS.

Defendant's motion for sanctions against plaintiff's lead counsel was filed as part of the answer and counterclaim. They filed the motion without a supporting brief or affidavits. The motion contends that the complaint is not well grounded in fact and not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and was filed for an improper purpose. The motion reviews various allegations in the complaint and asserts reasons why they are incorrect. Defendants seek sanctions of

$10,000,000. Defendants' counsel later stated to the court that this amount is derived from defendants' alleged losses because of the chilling effect this complaint had on the proposed sale of the defendant companies. Defendants have contended that the failure of the sale is due to the filing of this action. Counterclaim.

■ To the extent that the motion seeks consequential damages, it is DENIED. Consequential damages are not authorized for a Rule 11 violation. The language of Rule 11 provides that when the court determines a violation of the rule has occurred, it shall impose upon the signer or the party or both an "appropriate sanction" which may include reasonable expenses and attorney's fees due to the filing of the violating pleading. This is the only specific sanction mentioned by the Rule. The Rule's language indicates that any sanction arising out of a violation should be directly related to the expenses incurred by the opposing party because of the filing of the pleading or motion.

Furthermore, the primary purpose of the rule is one of deterrence rather than compensation of wronged parties. *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc); *Port Drum Company v. Umphrey*, 852 F.2d 148 (5th Cir.1988); *Thomas v. Capital Securities Services, Inc.*, 836 F.2d 866, 878 (5th Cir.1988) (en banc); *see also Advisory Committee Notes to Rule 11.* Allowing consequential damages for a Rule 11 violation will not materially advance the rule's purpose in deterring violations of the rule. The filing of any complaint, whether in violation of Rule 11 or not, will have effects on the business or life of the defendants. Beyond the fact that the rule specifically limits sanctions to those directly related to the filing of the pleading, imposing consequential damages far out of proportion to the direct expenses related to responding to the violating pleading will have a chilling effect on litigation, as opposed to a deterrent effect. Also, as can be seen from the course of this lawsuit, allowing consequential damages through Rule 11 will create satellite litigation and will distract the parties and court from the merits of the claims.

Other courts which have considered this question have also concluded that consequential damages are not authorized by Rule 11. In *Diversified Technologies Corp. v. Jerome Technologies, Inc.*, 118 F.R.D. 445 (N.D.Ill.1988), the court concluded that the expenses which were sought were incurred voluntarily and without relation to the sanctionable pleading, and that Rule 11 did not authorize consequential damages. In *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 121 F.R.D. 402 (N.D.Cal. 1988), the court ruled that compensation for economic losses cannot be sought under Rule 11 and can only be sought through a collateral action. Similarly, the court in *Port Drum Company*, 852 F.2d at 148, held that Rule 11 does not provide an independent grant of jurisdiction, and does not create a distinct cause of action for a third party. The court said that Rule 11 was designed to regulate the proceedings among parties already before the court in a particular case and that its primary purpose is to discourage groundless proceedings rather than to compensate wronged parties by means of affirmative relief. The court also noted there that entertaining an independent suit in which the only relief is sought as money damages is incongruous with the language of Rule 11 and with the view of Rule 11 in its previous decision in *Thomas*, 836 F.2d at 866, in which the court held that the sanction imposed for a Rule 11 violation should be the least severe sanction adequate to serve the Rule's deterrent purpose. This court is in agreement with these other courts that consequential damages are not authorized under Rule 11.

Plaintiff moved to strike the motion for sanctions because it was not filed in accordance with the Local Rules which require a memorandum of law and supporting factual materials to be filed with the motion. Also, plaintiff argues that placing the motion with the answer and complaint is improper. Plaintiff's motion to strike the motion for sanctions is DENIED. However, the motion is STAYED until the underlying

suit is resolved. *Donaldson,* 819 F.2d at 1511. The hearing on the Rule 11 motion will be heard in conjunction with the hearing or trial on defendants' state law *Yost v. Torok* claim. The court will not entertain contentions at that time that the complaint is not grounded in fact and law that are not specifically pleaded in the Rule 11 motion. Amendment of the motion will be allowed, provided it is within fifteen days prior to the close of discovery.

The parties had indicated an interest in seeking an interlocutory appeal of any decision on the motion for sanctions. This will not be allowed. Defendants' *Yost* claim includes a theoretical right to recover consequential damages, as does in some sense Rule 11. The court believes that it is best not to allow an appeal on a theoretical claim. The proceedings for the *Yost* claim will make a record that will be complete for appellate review at the conclusion of the case.

## VII. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.

Plaintiff seeks to amend his complaint to cure certain technical deficiencies raised by defendants. Defendants have not responded to the motion, and it is deemed unopposed. Local Rule 220–1(b). For good cause shown plaintiff's motion for leave to file a second amended complaint is GRANTED. Plaintiff is DIRECTED to file the amendments within ten (10) days of receipt of this order.

## VIII. CONCLUSION.

Plaintiff's motion for protective order is DENIED as moot. Plaintiff's motion to strike or for more definite statement is GRANTED. Plaintiff's motion to exceed the page limit is GRANTED. Plaintiff's motion for leave to file a supplemental brief is GRANTED. Plaintiff's motion for attorney's fees is GRANTED, and plaintiff is awarded $3,222.68 for expenses and attorney's fees. Plaintiff's motion to strike the motion for sanctions is DENIED. The motion for sanctions is STAYED until resolution of the underlying suit as provided in this order. Plaintiff's motion for leave to file a second amended complaint is GRANTED.

SO ORDERED.