PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 6/27/96**

TENTH CIRCUIT

_____

In re:  REX MONTIS SILVER COMPANY,      )
                                        )
        Debtor,                         )
_____)
                                        )
DR. HAROLD MASUNAGA; YUKIO              )
AYABE; THE ESTATE OF MARIAN             )
HARADA; RESOURCE CONCEPTS,              )
INC.; TELEGRAPH GOLD                    )
CORPORATION, in its own capacity        )
and as the Assignee of Claims of        )
Dr. George Pingree; INTERPHASE          )
CORPORATION; CASCADE ENERGY &           )
METALS CORPORATION; SCOTT               )
BROADHEAD; DELANO S. FINDLAY,           )
                                        )
        and                             )
                                        )
RICHARD N. BIGELOW,                     )
                                        )            No. 95-4017
                Appellant,              )
                                        )
        v.                              )
                                        )
HERBERT W. STOLTENBERG, H. E.           )
MOSES, EDWIN STOLTENBERG,               )
CHRIS WAUGH, SAM HARMATZ,               )
BERNARD HODOWSKI, PATRICIA              )
STOLTENBERG, DELFORD R. ASHLEY,         )
SAM HAMBARIAN, ALYCE                    )
HAMBARIAN, LIONEL ASCHER, A.C.          )
NEJEDLY, GRACE V. DUNCAN, ELLIOT        )
WEINBERG, ROSALIE DONAHEY,              )
                                        )
                Appellees.              )
                                        )
_____)

_____

Appeal from the United States District Court
for the District of Utah
(D.C. No. 94C-767J)

_____

Delano S. Findlay, Salt Lake City, Utah, for Appellant.

Gerald H. Suniville (Eric C. Olson with him on the brief) of Van Cott, Bagley, Cornwall &
McCarthy, Salt Lake City, Utah, for Appellees.

_____

Before SEYMOUR, Chief Judge, and BARRETT and LIVELY[1], Circuit Judges.

_____

LIVELY, Circuit Judge.

_____

An attorney appeals from the district court's affirmance of the bankruptcy court's imposition of sanctions on the appellant for violation of Bankruptcy Rule 9011. The bankruptcy court found that attorney Bigelow violated Rule 9011 by proposing a nominee for permanent trustee in a Chapter 7 bankruptcy proceeding and voting on behalf of his clients for that person. The court found that Bigelow knew or reasonably should have known that his clients were not eligible to participate in the selection of the trustee because they did not meet the statutory requirements for voting.

**I.**

This case arose out of a long-running and bitterly-contested dispute involving W. David Weston (and affiliated entities) and investors in a gold mine promoted by Weston. See

_____

[1] The Honorable Pierce Lively, United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

*Cascade Energy and Metals Corp. v. Banks*, 896 F.2d 1557 (10th Cir.), *cert. denied*, *sub nom.*

*Weston v. Banks*, 498 U.S. 849 (1990).  The present bankruptcy proceedings involve a Weston

entity, Rex Montis Silver Company.  Representing a group called "surety creditors" in the Rex

Montis proceedings, attorney Bigelow signed and filed a request at the first meeting of

creditors for election of Kevin R. Huntington as permanent trustee.  (Bigelow first appeared in

the proceedings on behalf of Rex Montis and when the bankruptcy court disqualified him as

attorney for the bankrupt debtor on grounds of a conflict of interest, he then appeared as

attorney for the surety creditors).  Also, on the day of the first meeting of creditors, attorney

Bigelow signed and filed a statement to accompany the proofs of claim of the "surety

creditors."

The bankruptcy court found that attorney Bigelow violated Rule 9011 by filing these

proofs of claim with the accompanying statement and filing pleadings in connection with the

election process.  The court further found that these activities "were for improper purposes

such as recited in the rule to harass, cause unnecessary delay, or needless increase of costs of

litigation and administration of the case." *Id.*  The court imposed a sanction of $10,000 on

attorney Bigelow in favor of the objecting creditors.

On appeal the district court held in an order entered on March 9, 1994 that the

bankruptcy court did not abuse its discretion in imposing sanctions.  More specifically, the

district court found that the bankruptcy court had not "based its ruling on an erroneous view of

the law or on a clearly erroneous assessment of the evidence." Aplee. Supp. App. at 436

(quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990)).  The district court found,

3

however, that the bankruptcy court had failed to consider expressly the factors delineated in *White v. General Motors Corp., Inc.*, 908 F.2d 675, 685 (10th Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991), in determining the amount of the sanctions.

The *White* decision requires express consideration of a non-exclusive list of three factors when determining the amount of sanctions to be imposed for violation of FED. R. CIV. P. 11. Rulings under FED. R. CIV. P. 11 are authoritative in cases involving Bankruptcy Rule 9011. On remand, the bankruptcy court considered "the *White* factors" and again imposed sanctions in the amount of $10,000. The district court affirmed in an order entered on December 30, 1994, and Bigelow now appeals.

## II.

The appellees have raised a jurisdictional issue that we must resolve before reaching the merits of Bigelow's appeal. The appellees argue that Bigelow waived his right to appeal the imposition of sanctions by failing to appeal from the district court's March 9, 1994 memorandum opinion and order affirming the bankruptcy court's imposition of sanctions. In support of this claim, the appellees point to Bigelow's notice of appeal, in which he only purports to appeal the district court's memorandum and order entered on December 30, 1994, and the fact that no notice of appeal was filed regarding the prior decision of the district court on the imposition of sanctions.

This court has considered the question of finality of district court orders when acting as an appellate court in bankruptcy matters and adopted the traditional view of finality. *In re*

4

*Commercial Contractors, Inc.*, 771 F.2d 1373, 1375 (10th Cir. 1985). Under this view, "a decision of the district court on appeal from a bankruptcy judge's final order is not itself final if the decision remands the case to the bankruptcy judge for significant further proceedings . . . ." *Id.* (quoting *In re Riggsby*, 745 F.2d 1153, 1156 (7th Cir. 1984)). Although one holding of the court in *Commercial Contractors* was undercut by the Supreme Court in *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249 (1992), this court has held that *Commercial Contractors* "continues to provide the test for the finality of district court decisions in bankruptcy proceedings." *Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003, 1005 (10th Cir. 1992).

Thus, we must determine whether the district court's order of March 9 remanded to the bankruptcy judge for "significant further proceedings." As the court noted in *In re Bucyrus Grain Co., Inc.*, 905 F.2d 1362 (10th Cir. 1990), there is no single test for determining the nature of a remand. Nevertheless, the district court's order of remand is not final when it requires the bankruptcy court to perform "more than a mere `ministerial' duty," or if it involves the "exercise of considerable judicial discretion." *Id.* at 1366 (citations omitted). On the other hand, if matters on remand are "`unlikely either to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand,' the district court's order is considered final." (citation omitted).

More recently, in *In re Wiston XXIV Limited Partnership*, 988 F.2d 1012 (10th Cir. 1993), this court summarized its holdings on finality as follows:

> This court has held that a remand to the bankruptcy court for de novo hearings constitutes significant further proceedings, *see Commercial*

*Contractors*, 771 F.2d at 1374-75, as does a remand for additional findings of fact concerning the dispositive issue in a case, *see Coats State Bank v. Grey* (*In re Grey*), 902 F.2d 1479, 1481 (10th Cir.1990), and a remand for a determination of the amount of a claim, *see State Bank of Spring Hill v. Anderson* (*In re Bucyrus Grain Co.*), 905 F.2d 1362, 1366 (10th Cir.1990).

> However, if the purpose of the remand is to effectuate a ministerial task, or conduct additional proceedings involving little judicial discretion, the district court's order will be considered final. *State Bank of Spring Hill v. Anderson* (*In re Bucyrus Grain Co.*), 905 F.2d 1362, 1366 (10th Cir.1990). If the remanded matter is unlikely to spawn another appeal or affect the issue on appeal, a district court's remand order may be considered final. *Id.*

*Id.* at 1013.

Applying these criteria, we conclude that the district court's order of March 9 remanding the case to the bankruptcy court for consideration of the *White* factors was not a final order that was immediately appealable to this court. The remand was likely to, and did lead to an evidentiary hearing before the bankruptcy court. As with all proceedings in this case, the hearing on remand was lengthy, with the transcript running to almost 200 pages. Furthermore, predictably, there was another appeal to the district court following the order on remand.

This court has jurisdiction over the issue of the imposition of the sanctions as well as the amount.

## III.

### A.

We now consider the merits of Bigelow's appeal. FED. R. BANKR. P. 9011, which is derived from FED. R. CIV. P. 11, provides in pertinent part:

6

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

The Supreme Court prescribed the standard to be applied by an appellate court in reviewing a lower court's imposition of Rule 11 sanctions in *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990). The appellate court must apply an abuse-of-discretion standard in reviewing "all aspects" of a Rule 11 determination. *Id.* at 405. The Court specifically rejected the view that a reviewing court follows a three-tiered approach, one standard (clearly erroneous) for factual questions, another standard (*de novo*) for the question of whether the facts constituted a Rule 11 violation, and a third standard (abuse of discretion) for the choice of sanction to be imposed. *Id.* This court anticipated the Supreme Court's ruling on the question. In *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988), we adopted an abuse-of-discretion standard "across the board to all Rule 11 issues."

**B.**

Turning to the facts disclosed by the record, the surety creditors did have claims against Rex Montis. It is clear, however, that these claims did not entitle them to vote in the selection of a trustee. The surety creditors' claims did not satisfy the criteria of 11 U.S.C. § 702(a),

7

which states:

> A creditor may vote for a candidate for trustee only if such creditor--
>
> (1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title;
>
> (2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and
>
> (3) is not an insider.

As the district court found, "the `Surety Creditors' at that time were clearly not unsecured creditors of Rex Montis." D.C. Opinion, March 9, 1994, at p. 13. Further, it is undisputed that at least one of the surety creditors represented by Bigelow was an insider as defined in 11 U.S.C. § 101(31)(B).

The bankruptcy court also determined that Bigelow was "not fully acquainted with the facts of the bankruptcy case . . . and has relied on others without any independent investigation or research." Aplee. Supp. App. at 431. The court concluded, based on its factual findings, that Bigelow knew or should have known that the surety creditors did not hold the § 702(a) claims necessary to participate in the election of the trustee. In addition, the court found the filings were made for an improper purpose: "to thwart and delay the enforcement of . . . the legitimate interests of creditors." Aplt. App. at 620. The record fully supports these

8

conclusions.

The bankruptcy court did not abuse its discretion in sanctioning attorney Bigelow for violating Rule 9011.

**C.**

The Tenth Circuit has prescribed three factors that a court must consider in determining the amount of Bankruptcy Rule 9011 sanctions: (1) the opposing party's reasonable expenses incurred as a result of the violation, including reasonable attorney fees; (2) the minimum amount necessary adequately to deter future misconduct; and (3) the offender's ability to pay. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991). In addition, a court "may consider factors such as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances." *White*, 908 F.2d at 685.

On remand from the district court, the bankruptcy court held a hearing on the amount of sanctions imposed at which the parties presented evidence and argued their positions. The court expressly considered the *White* factors and found a $10,000 sanction to be reasonable under all the circumstances. The court also expressly indicated it believed the $10,000 sanction was sufficient to deter further misconduct, and noted that Bigelow was able to pay the fine from the proceeds of a bond previously posted with the court. On appeal to the district court, Bigelow did not set forth any specific grounds for finding that the bankruptcy court abused its discretion in setting the sanction at $10,000. He only made "shocks the conscience"

and "harsh and unreasonable" arguments. The district court found this line of argument unpersuasive, and affirmed the bankruptcy court's $10,000 sanction.

On appeal from the district court, Bigelow offers the same "shocks the conscience" and "harsh and unreasonable" arguments he made before the district court. We find these arguments unpersuasive. There is simply no basis for this court to find an abuse of discretion. The sanction was less than the total cost to the appellees of the resulting litigation. Furthermore, it seems a reasonable sum to deter similar misconduct in the future, and is not overly burdensome to Bigelow, given his financial situation. The bankruptcy court did not abuse its discretion in its application of the *White* factors. Accordingly, the judgment of the district court is **AFFIRMED**.