In re Anthony F. ARCARI, Appellant,

v.

Stephen L. MARDER, Appellee.

No. 97–11974–JLT.

United States District Court,
D. Massachusetts.

Sept. 18, 1998.

Mary Lemieux Sandorse, Sandorse & Fitzgerald, Melrose, MA, for Anthony F. Arcari.

Warren E. Agin, Law Offices of Warren E. Agin, Boston, MA, for Stephen Marder.

TAURO, Chief Judge.

## MEMORANDUM

Appellant–Debtor appeals the bankruptcy court's allowance of Appellee–Creditor's motion for summary judgment dismissing Appellant's objection to Appellee's proof of claim. At issue is whether the record reflects substantial evidence that would overcome the presumptive validity of Appellee's claim pursuant to Federal Rules of Bankruptcy Procedure (Fed.R.Bankr.P.) 3001(f).

## I.

### FACTUAL BACKGROUND

The underlying dispute arises out of the Sales Agreement for Full Service Dental Management Co., Inc. entered into on April 9, 1993 by Appellant and Appellee. Under its terms, the agreement gave Appellant ownership in the company in exchange for $25,000 to be paid in five equal installments. Under paragraph 2, payments were to be made on April 9, 1993, April 16, 1993, October 9, 1993, April 9, 1994, and October 9, 1994.

Appellant made the first two installments in April of 1993, but failed to make the third or any subsequent payment. The total amount due on the contract is $15,000. Appellant argues that his nonpayment is excused by Appellee's failure to deliver certain tax documents he was obligated to maintain and provide under paragraphs 6 and 7 of the Sales Agreement.

Appellant filed for a tax abatement as was contemplated by the terms of the Sales Agreement. On June 13, 1994, the claim for abatement was denied because Appellant had filed copies of documents which were considered unclear. As a result, Appellant was left with more than a $27,000 tax liability.

Appellant maintains that he is entitled to a setoff of this $27,000 liability against the $15,000 he owes under the Sales Agreement. His theory is that the tax liability was caused by Appellee's failure to provide the documents necessary to secure an abatement. Appellee argues that he was not obligated under the Sales Agreement to obtain the abatement. Appellee further argues that Appellant was the first to breach when he failed to pay his third installment.

On December 9, 1993, Appellant filed a Chapter 7 petition, commencing this bankruptcy proceeding. On the requisite Schedule F, Appellant listed Appellee as a general unsecured creditor with a $15,000 claim, which Appellant failed to indicate as "disputed." Schedule B did not disclose, as an asset of the bankruptcy estate, any claim Appellant might have had against Appellee, the Massachusetts Department of Revenue, or Associated Dental of Brockton, Inc. It is unclear from the record that this omission was truly egregious.

On December 20, 1994, Appellee filed a proof of claim, asserting a general unsecured claim in the amount of $15,000. On January 21, 1997, Appellant filed an objection to Appellee's proof of claim, commencing a contested proceeding under Fed.R.Bankr.P. 9014. The Bankruptcy Court rendered a summary judgment in Appellee's favor on July 7, 1997. It is that judgment which brings the parties before this court.

## II.

### ANALYSIS

A. *The Bankruptcy Appeal*

1. *The Standard of Review*

█ The District Court must review de novo the inferences which can reasonably be drawn from the record before the Bankrupt-

cy Court, as well as the legal determinations of the Bankruptcy Court Judge. *See In re Varrasso*, 37 F.3d 760, 763 (1st Cir.1994).

## 2. Burden of Proof in Summary Judgement Motions Involving a Proof of Claim

In a bankruptcy proceeding, summary judgment is governed by Fed.R.Bankr.P. 7056, which incorporates Fed.R.Civ.P. 56. Accordingly, a judge may grant a summary judgment only where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, a court must view all reasonable inferences from the underlying facts in a light most favorable to the party opposing the motion. *See Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991).

A proof of claim executed and filed in accordance with the bankruptcy rules is prima facie evidence of the validity and amount of the claim under Fed.R.Bankr.P. 3001(f). *See In re Hemingway Transport, Inc.*, 993 F.2d 915, 925 (1st Cir.1993). Under First Circuit case law, an objection does not deprive a proof of claim of "presumptive validity." *Id.* Unlike typical summary judgment practice, a debtor opposing a proof of claim must provide "substantial evidence" in order to overcome its presumptive validity under Fed.R.Bankr.P. 3001(f). *See In re Townview Nursing Home*, 28 B.R. 431, 442 (Bankr.S.D.N.Y.1983); *cf. In re Hemingway Transport, Inc.*, 993 F.2d at 925 (1st Cir. 1993). For purposes of this motion, therefore, the issue is whether the record before the Bankruptcy Court, viewed in a light most favorable to the Appellant, establishes "substantial evidence" of a valid opposition to a claim of proof sufficient to avoid a summary judgment.

## 3. Has Appellant Satisfied the "Substantial Evidence" Standard?

Neither party contests the validity of the Sales Agreement. The question is, which party breached first. A material breach of one party will excuse the other party from further performance under the contract. *See Lease–It Inc. v. Massachusetts Port Authority*, 33 Mass.App.Ct. 391, 397, 600 N.E.2d 599, 602 (Mass.App.Ct.1992). The undisputed fact is that Appellant failed to make the October 9, 1993 payment. The issue is whether Appellee had any obligations under the agreement which he breached prior to Appellant's October nonpayment.

Appellant claims that Appellee first materially breached by failing to maintain and supply necessary documents for the tax abatement.[1] Paragraph 6 of the Sales Agreement states: "Seller agrees to complete all tax returns for Associated Dental Health of Brockton, Inc. for 1993 and to *maintain records* thereafter." (emphasis added). That paragraph further obligated Appellee to *"represent* without charge Full Service Dental Management Co., Inc. and Associated Dental Health of Brockton, Inc. in any and all tax matters." (emphasis added). The parties may well have contemplated the tax abatement to be one such tax matter, which Appellee had failed to secure. Paragraph 7 of the Agreement required Appellee to *"utilize his best efforts without charge to secure an abatement* on taxes paid to the Massachusetts Department [of] Revenue for the years of 1987 and 1988." (emphasis added). "Utilizing best efforts" is ambiguous and open to alternative interpretations. But, the provision cannot be rendered meaningless under contract interpretation rules. RESTATEMENT (SECOND) OF CONTRACTS § 203(a) & cmt. b (1981). Even if the provision does not require Appellee to *secure* the abatement, he still has to put forth a good faith effort. This interpretation is consistent with Appellee's duties under paragraphs 6

1. Appellant stated in his response to interrogatories that even though he does not know the exact date of Appellee's breach, he formed a belief that Appellee failed to fulfill his obligations soon after Appellee moved to Guam on January 3, 1994.

While this evidence suggests that Appellant stopped paying the installments prior to his belief of Appellee's breach, it does not completely negate the possibility that Appellee breached before Appellant.

and 7 to maintain all necessary tax documents and to represent the company in all tax matters.

In addition to the Sales Agreement, letters exchanged by the parties also support Appellant's contention that Appellee had obligations under the agreement which he knew he did not fulfill. Appellee's hand-written letter, dated January 10, 1994, states, "I shouldn't be expected to continue to meet my obligations under the agreement when you have been unable to meet yours." Brief for the Appellee at Exhibit A–38. It is unclear what exact obligations Appellee was referring to from the letter. Viewed in the context of Appellant's affidavit, in which Appellant stated that he repeatedly called Appellee to ask for the tax documents, the reasonable inference is that Appellee was referring to his obligations under paragraphs 6 and 7. Appellee's May 31, 1994 letter also indicates that Appellee was aware of his tax obligations, but refused to fulfill them. Brief for the Appellee at Exhibit A–42.

■ Appellee relies on paragraph 9 to rebut Appellant's claim. Paragraph 9 states that "Buyer agrees to assume and hold harmless seller from all financial obligations for Full Service Dental Management Co., Inc. and Associated Dental Health of Brockton, Inc. These include, but are not limited to funds owed to Massachusetts Department of Revenue, Norman Weinstock, Robert Palermo, Patterson Dental, Broadway National Bank, et al." Appellee argues that, because of this provision, he was not responsible in any way for obtaining the tax abatement.

■ This argument is not persuasive, because paragraphs 6 and 7 address the issue of tax abatement and documents specifically, while paragraph 9 is a more general release of seller's future liability. Restatement of Contracts states that when interpreting an agreement, "specific terms and exact terms are given greater weight than general language." RESTATEMENT (SECOND) OF CONTRACTS § 203(c) & cmt. e (1981). Massachusetts case law follows the Restatement in requiring that any inconsistency be resolved in favor of the more specific provisions. *See Newharbor Partners, Inc. v. F.D. Rich Co., Inc.*, 961 F.2d 294, 299 (1st Cir.1992) ("A

common principle of contract construction is that a specific term will control over a conflicting general term."). Paragraphs 6 and 7, therefore, control with respect to Appellee's contract obligations regarding documents and the tax abatement.

■ The more difficult factual issue is when Appellee actually breached his obligations. Was it when he stopped maintaining the tax files, if he ever kept them? Was it when he failed to supply the tax documents, and if so, when did his duty to do so arise? Was it when he failed to seek the abatement? These are all important factual issues that need to be resolved before the court can make a finding on the issue of breach. Which party breached first is a material issue of fact supported by "substantial evidence" in the record, indicating a valid debtor opposition. Under the circumstances, the Bankruptcy Court erred in allowing the Motion for Summary Judgment.

**B.** *Motion to Strike Papers from Designation of Record on Appeal*

■ Appellee's unopposed motion to strike Debtor's Supplemental Response to Stephen L. Marder's First Request for Production of Documents and Stephen Marder's Answers to Debtor's First Set of Interrogatories Propounded to Stephen L. Marder from the Designation of record on Appeal should be allowed. Those documents were not part of the record before the Bankruptcy Court, and cannot be considered on appeal. *See Union Bank v. Blum*, 460 F.2d 197 (9th Cir.1972); *Com. of Va., State Educ. Assistance Authority v. Dillon*, 189 B.R. 382 (W.D.Va.1995).

**C.** *Motion to Strike Exhibit B from Appellant's Brief*

Appellee's unopposed motion to strike Exhibit B from Appellant's brief should likewise be allowed for the reasons stated above.

**D.** *Motions for Sanctions Pursuant to Fed. R.Bankr.P. 9011(c)*

■ Fed.R.Bankr.P. 9011(c) grants the court discretion to impose sanctions on attorneys or parties who violate Fed.R.Bankr.P.

9011(b).[2] Fed.R.Bankr.P. 9011(c) limits the imposition of a sanction to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Bankr.P. 9011(c). This court finds that Appellant did not clearly violate Fed. R.Bankr.P. 9011(b). Even if he has violated the statute by including evidence not in the Bankruptcy Court record, no sanctions are necessary in this case to deter further violations. A sanction is not warranted under the circumstances.

## III.

### CONCLUSION

For the foregone reasons, the court finds that the Bankruptcy Court erred in allowing the Summary Judgment Motion, and remands this case to the Bankruptcy Court for further proceedings. Appellee's Motions to Strike should be allowed. Finally, Appellee's Motion for Sanctions should be denied.

AN ORDER WILL ISSUE.

### ORDER

The court hereby orders as follows:

1. The Bankruptcy Court's Summary Judgment in favor of Appellee is REVERSED AND REMANDED;

2. Appellee's Motion to Strike selected papers from Appellant's Designation of Record on Appeal [# 3] is ALLOWED;

3. Appellee's Motion to Strike Exhibit B from Appellant's Brief [# 8] is ALLOWED; and

4. Appellee's Motion for Sanctions pursuant to Fed.R.Bankr.P. 9011[# 8] is DENIED.

IT IS SO ORDERED.

---

**2.** Fed.R.Bankr.P. 9011(b) prohibits parties from: filing documents with the court for the purpose of harassment, or to create unnecessary costs and delays; making unwarranted or frivolous arguments; and making or denying allegations without evidentiary support.