F I L E D
United States Court of Appeals
Tenth Circuit

MAR 2 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCUS R. HAMMOND, SR.,
individually and on behalf of others
similarly situated,

        Plaintiff,

v.

THE CITY OF JUNCTION CITY,
KANSAS; ROD BARNES; FRED
HEPLER; MIKE RHODES; MICK
WUNDER; KAY BLANKEN; BILL
LEVINSON; RICHARD PINAIRE;
GUY HOWELL; HARRY FREWERD;
MIKE FRASER; RAY IBARRA;
CURTIS VAN NAHMEN; LLOYD
PARKER; KEVIN CONNELL,

        Defendants - Appellees,

  and

ANDERSON & ASSOCIATES,
L.L.C., and DENISE M. ANDERSON,

        Appellants.

No. 04-3082
(00-CV-2146-GTV)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

---

   [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Before **TACHA,** Chief Circuit Judge, and **HENRY** and **HARTZ,** Circuit Judges.

This action stems from a class action discrimination suit, filed on April 6, 2000, on behalf of current and former African-American employees of the City of Junction City, Kansas. Over the course of the case's protracted history, it has devolved into a professional responsibility case. Defendants-appellants Denise M. Anderson and the law firm of Anderson & Associates (together, Anderson) appeal the magistrate judge's finding that Anderson violated Kansas Rule of Professional Conduct 4.2, and its imposition of sanctions for that violation. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons stated herein, we AFFIRM.

## I. BACKGROUND

We briefly review the procedural history of the case. The district court assigned the pretrial proceedings to a magistrate judge. The magistrate judge granted plaintiffs' motion for an extension to file the class certification motion until March 31, 2001. After plaintiffs sought to compel discovery, the City filed a motion for protective order to disqualify Anderson because of ex parte contact between Mr. Al Hope, Sr., a City employee, and Anderson. The magistrate judge ordered briefing regarding whether Mr. "Hope is a person 'having managerial

2

responsibility' on behalf of the City . . . or a person 'whose act or omission in connection with the matter may be imputed' to the City within the meaning of Model Rule of Professional Conduct 4.2 and consistent with the Tenth Circuit's ruling in *Weeks* [*v. Independent School District No. I-89*, 230 F.3d 1201 (10th Cir. 2000)]." Aplts' App. at 403.

After a hearing and briefing, the magistrate judge issued a published order in which he ruled that (1) Mr. Hope met the management-speaking test, (2) Anderson had conducted an improper ex parte contact in violation of Rule 4.2, and (3) formation of an attorney client relationship with Mr. Hope was improper because no certification of any class had occurred by the relevant time to establish a protected relationship between class counsel and a potential class member. *See* 167 F. Supp. 2d 1271, 1283-91. On July 10, 2001, the magistrate judge prohibited Anderson "from representing any class of individuals based on the class allegations asserted in this case." *Id*. at 1291. The magistrate judge noted that Anderson could represent Mr. Hope in "a *separate, individual* action against the City." *Id.* (emphasis in original). The magistrate judge sanctioned Anderson with attorney fees (to be assessed subsequently), ordered disclosures, restrained Anderson's future communications with managerial City employees, and referred the matter to the state disciplinary administrator.

Anderson sought reconsideration, which the magistrate judge denied on

3

October 12, 2001.  Anderson filed objections to the magistrate judge's

conclusions, challenging his finding of a violation of Rule 4.2 and the sanctions'

effects upon free speech.  On January 23, 2002, the district court overruled these

objections.  On March 28, 2002, the magistrate judge assessed sanctions in the

amount of $5,000 solely against Ms. Anderson.

As to the underlying litigation, Anderson filed, on Mr. Hope's behalf, an

individual complaint of discrimination against the City.  Mr. Hope separately filed

a class action complaint, for which he obtained separate counsel.  The underlying

matters alleging racial discrimination against the City were consolidated, and on

January 28, 2004, the matters settled and were dismissed.  This appeal of the

sanctions issue timely followed.


## II. DISCUSSION

On appeal, Anderson challenges the magistrate judge's conclusion that the

contact with Mr. Hope violated Rule 4.2, because the record did not support the

"managerial responsibility" finding.  Furthermore, the sanction, imposed without

a bad faith finding or notice, violated the First and Fifth Amendments, because

they effectively chilled Anderson's speech.  Finally, Anderson challenges the

magistrate judge's authority and jurisdiction to impose the sanctions.

We have carefully considered the magistrate judge's orders and findings,

4

the district court's orders, the entire record and briefs on appeal. We hold, for substantially the same reasons as the district court, that the imposition of sanctions was well within the discretion of the magistrate judge.

Reviewing the imposition of sanctions for an abuse of discretion, *Masunaga v. Stoltenberg (In re Rex Montis Silver Co.)*, 87 F.3d 435, 439 (10th Cir. 1996), we agree that the record is replete with indicia of Mr. Hope's managerial status: first, Mr. Hope's title is instructive: he was the City's *Director* of Human Relations. Second, counsel discussed Mr. Hope's role in the City's document production and shredding of documents concerning the very subject of the representation. Next, Mr. Hope retained the authority to make hiring decisions and investigations of discrimination complaints; this authority constituted managerial responsibilities.

The fact that the director was a potential member of the putative class did not except ex parte contact; there was no attorney-client relationship between the attorney and the director until the class was certified, and it was only speculation that the class would ever be certified. *See* Comment. Rule 4.2 ("In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter of representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for

5

purposes of civil of criminal liability."); *Weeks v. Independent School District No. I-89,* 230 F.3d 1201 (10th Cir. 2000) (in bus driver's ADA and FLSA action against school district, both operations supervisor and bus driver's immediate supervisor had "speaking authority" for the district for the purpose of ex parte communication rule. barring counsel from engaging in ex parte communications with those employees with respect to subject matter of action).

We also reject Anderson's second contention, that the magistrate judge shirked his responsibility to engage in "a weighing–identifying the potential abuses being addressed" and failed to issue "a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." Aplts' App. at 655 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)). Counsel was "prohibited from representing any class of individuals in any other action based on the class allegations asserted in this case." 167 F. Supp. 2d at 1291. Furthermore, the class had yet to be certified; counsel was permitted to represent Mr. Hope in connection with his individual claims, and counsel undertook such representation. The record indicates that the underlying discrimination action settled earlier this year. For that reason, the bulk of the limitations the magistrate judge imposed are likely moot. We have engaged in a full and comprehensive review of the magistrate judge's orders and hold that the magistrate judge's narrowly drawn order "properly impose[d]

6

restraints on some forms of expression." *Gulf Oil*, 452 U.S. at 104 n.21.

Finally, Anderson contends that the magistrate judge exceeded his jurisdiction when he imposed sanctions for the violation of Rule 4.2. There is no question that the imposition of sanctions is one of the many nondispositive matters that a magistrate judge may decide. *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997).

## III. CONCLUSION

Accordingly, we AFFIRM the imposition of sanctions.

Entered for the Court,

Robert H. Henry
Circuit Judge