In re Richard HARMES, Debtor.

Leo McCabe and Sheila
McCabe, Plaintiffs,

v.

Richard Harmes, Defendant.

Nos. 7–96–13196 RA, 96–1256 S.

United States Bankruptcy Court,
D. New Mexico.

Feb. 23, 2010.

George M Moore, Moore, Berkson & Gandarilla, P.C., Albuquerque, NM, for Plaintiffs.

Richard Harmes, pro se.

## *MEMORANDUM OPINION ON MOTION FOR SANCTIONS*

JAMES S. STARZYNSKI, Bankruptcy Judge.

This matter came before the Court for final hearing on the Motion for Sanctions (doc 72). Plaintiffs appeared through their attorney George Moore. Defendant represented himself. The original Motion for Sanctions sought relief against both the Defendant and his former attorney Gary Lakin. Mr. Lakin and Plaintiffs resolved all issues between them before trial in a confidential settlement. As a sanction against Mr. Harmes, Plaintiffs seek the balance of their attorney fees in defending against Mr. Harmes' attempt to set aside the default judgment entered in this case in June 1997. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I) and (O).

The parties agreed that no testimony would be presented at trial. Rather, Plaintiffs would introduce their billing statements, the parties would rely on the Court's familiarity with the prior course of this adversary proceeding, and either side would be allowed to make closing argument. The Court conducted the trial on December 2, 2009 and took the matter under advisement. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law.

### *RULE 9011*

Plaintiff seeks sanctions under Federal Rule of Bankruptcy Procedure Rule 9011, which states in part:

(a) Signing of papers

Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's ad-

680

dress and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) Representations to the court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How initiated

. . .

(2) Nature of sanction; limitations

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order

When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

■ Bankruptcy Rule 9011 is based on Fed.R.Civ.P. 11. *In re Park Place Associates*, 118 B.R. 613, 616 (Bankr.N.D.Ill. 1990):

Bankruptcy Rule 9011 is essentially identical to Federal Rule of Civil Procedure 11. Cases interpreting Rule 11 are useful precedent when construing Bankruptcy Rule 9011. *In re D.C. Sullivan Co.*, 843 F.2d 596, 598 (1st Cir.1988); *In*

re *Chas. A. Stevens & Co.*, 108 B.R. 191, 194 (Bankr.N.D.Ill.1989). *See also In re American Reserve Corp.*, 840 F.2d 487 [, 489](7th Cir.1988) (Bankruptcy Rule 9011 is a parallel to Rule 11); *Chicago Bank of Commerce v. Amalgamated Trust and Savings Bank [In re] Memorial Estates, Inc.*, 116 B.R. 108 [, 111](Bankruptcy Rule 9011 is the "bankruptcy equivalent" of Fed.R.Civ.P. 11); *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943, 948 (Bankr.N.D.Ill.1988).

And, rulings under Rule 11 are authoritative in cases involving Bankruptcy Rule 9011. *Masunaga v. Stoltenberg (In re Rex Montis Silver Co.)*, 87 F.3d 435, 437 (10th Cir.1996).

 Under the current version[1] of Bankruptcy Rule 9011, when a Court finds a violation of the rule, it may but is not required to award sanctions. *See* Bankruptcy Rule 9011(c) ("[T]he court may ... impose an appropriate sanction.") The rule, however, is for the most part silent on the type of sanction to be assessed. The "appropriate[2]" sanction to be imposed is left to the court's discretion. *In re MPX Technology*, 310 B.R. 453, 459 (Bankr.M.D.Fla.2004) (citation omitted). To determine the type of sanction to be imposed, the Court must keep in mind the purpose of the rule.

> The purpose of Rule 9011 is to deter baseless filings in bankruptcy and thus avoid the expenditure of unnecessary resources by imposing sanctions on those found to have violated it. *In re Deville*, 280 B.R. 483, 492 (9th Cir.BAP2002) ("Rule 9011, like its counterpart Federal

Rule of Civil Procedure 11, is designed to encourage counsel (and parties) to avoid groundless filings or filings filed for improper purposes, largely through the imposition of sanctions."); *In re Kilgore*, 253 B.R. 179, 192 (Bankr.D.S.C. 2000) ("[T]he primary purpose of Fed. R. Bankr.P. 9011 is to deter future abuse of the judicial process."). A court is given discretion in deciding whether it is appropriate to impose sanctions, and if the statute is found to have been violated, the Court must limit the amount imposed to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Bankr.P. 9011(c)(2); *Arcari v. Marder*, 225 B.R. 253, 257 (D.Mass.1998).

*In re M.A.S. Realty Corp.*, 326 B.R. 31, 37–38 (Bankr.D.Mass.2005). *See also MPX Technology*, 310 B.R. at 458 (purpose is to deter litigation abuse and unnecessary filings); *Sanner v. Poli (In re Poli)*, 298 B.R. 557, 566 (Bankr.E.D.Va. 2003)("The purpose of Rule 9011 is to deter baseless filings.") (*citing Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)); *First Nat'l Bank of Sikeston v. Masters (In re Masters)*, 224 B.R. 714, 716 (Bankr.E.D.Mo.1998)(purpose is to deter attorney's and litigant's misconduct).

 In addition, if the sanction is to be monetary, the Court should assess only the minimum sanction to achieve deterrence. *Rex Montis Silver Co.*, 87 F.3d at 440, *citing White v. General Motors Corp.*, 908 F.2d 675, 678 (10th Cir.1990), *cert.*

---

**1.** "Before its 1997 amendment, Rule 9011 purported to mandate the imposition of a sanction for violation of the rule." Alan N. Resnick and Henry J. Sommer, 10 Collier on Bankruptcy, ¶ 9011.07 at 9011–18 (15th ed. rev.)

**2.** "What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir.1988).

*denied* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). *See also M.A.S. Realty Corp.,* 326 B.R. at 38 ("[T]he court must limit the amount imposed to 'what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.' ") (Citations omitted.); *Masters,* 224 B.R. at 716–17 ("Many courts have reasoned that because the purpose of Rule 11 and B.R. 9011 is to deter misconduct, a sanctioning court should impose the least severe sanction necessary to achieve that goal.")

■ Rule 9011 does not supercede the American rule[3] to shift attorney's fees from the prevailing party to the losing party. *Poli,* 298 B.R. at 566. *See also MPX Technology,* 310 B.R. at 459 (The proper measure is not actual fees or expenses incurred by the injured party; rather, the amount should be reasonable.) (Citation omitted.) The prevailing party's attorney fees are, however, one factor to consider in determining the amount of Rule 9011 sanctions. *Rex Montis Silver Co.,* 87 F.3d at 440.

■ Similarly, Rule 9011 is not a substitute for the damages recoverable through a malicious prosecution action.

[T]he Court notes that because an award of sanctions is not a substitute for the damages recoverable through a malicious prosecution action, consequential damages are not a valid measure of an appropriate sanction. *In re Spectee Group, Inc.,* 185 B.R. 146, 161–62 (Bankr.S.D.N.Y.1995); *see also Kirk Capital Corp.[v. Bailey],* 16 F.3d [1485,] at 1491 ("Rule 11 is not a complete substitute for an abuse of process type cause of action."); *Elliott v. The M/V Lois B,* 980 F.2d 1001, 1007 (5th Cir.

1993) ("Rule 11 sanctions should not be assessed as a substitute for tort damages."); *Chris & Todd, Inc. v. Arkansas Dep't of Fin. & Admin.,* 125 F.R.D. 491, 493 (E.D.Ark.1989) ("Rule 11 sanctions are not to be deemed a substitute for an action for malicious prosecution."); *West v. West,* 126 F.R.D. 82, 83 (N.D.Ga.1989) (Consequential damages not authorized under Rule 11).

*Masters,* 224 B.R. at 718.

■ Finally, the Court should consider the sanctioned party's ability to pay. *Rex Montis Silver Co.,* 87 F.3d at 440 (*citing White v. General Motors Corp., Inc.,* 908 F.2d at 684–85). *See also MPX Technology,* 310 B.R. at 459 (*citing Orlett v. Cincinnati Microwave, Inc.,* 954 F.2d 414, 420 (6th Cir.1992)).

### FACTS

On July 25, 1996, Mr. Harmes filed a voluntary Chapter 7 bankruptcy case in the District of New Mexico. His attorney was Doctor Morrisey, who has since passed away. Among his debts, he listed a debt to the McCabes in the amount of $60,000 and did not list it as disputed. Significantly, this claim was virtually his only unsecured debt, and Mr. Harmes filed the bankruptcy case just after the McCabes obtained the state court judgment against him. From the record it appears that Mr. Harmes never amended his Schedule F, including with respect to this claim.

On October 11, 1996 the McCabes filed an adversary proceeding against Mr. Harmes seeking to deny discharge and to determine that their claim was nondischargeable. The summons was issued on

---

**3.** The generally applicable "American Rule" is that absent a contractual or statutory provision to the contrary, a prevailing party is not entitled to recover attorney fees from the losing party. *Poli,* 298 B.R. at 563. *See generally Buckhannon Bd. and Care Home, Inc. v. West Virginia,* 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

October 16, 1996 and served on Mr. Harmes, Doctor Morrisey and the Trustee on October 17, 2006. An answer to the complaint was filed on November 27, 1996. On February 14, 1997, the Plaintiffs filed a motion to compel attendance of Mr. Harmes at a deposition and to produce documents. On February 24, 1997, Debtor's First Set of Interrogatories and First Request for Production of Documents was served on George Moore, Attorney for Plaintiffs by Doctor Morrisey. On February 28, 1997, the Court orally granted the Motion to compel attendance of Mr. Harmes at a deposition. On March 13, 1997, the Court entered an Order on the Motion to compel directing Mr. Harmes to respond to written discovery within 10 days of the entry of the Order. On March 14, 1997, Mr. Harmes' filed a response to Plaintiff's request for production of documents. On March 28, 1997, Plaintiff objected to Mr. Harmes' discovery requests. Mr. Harmes failed to appear at a scheduled deposition, and on April 7, 1997 Plaintiffs filed a motion for sanctions and a motion to stay discovery. On April 18, 1997, Mr. Harmes responded to Plaintiff's objections to discovery requests and filed a motion to compel. On May 7, 1997 the Court orally struck Mr. Harmes' answer and awarded default judgment against him. On June 23, 1997, Mr. McCabe filed an affidavit setting out damages. On June 25, 1997, the Court entered a default judgment for Plaintiffs against Mr. Harmes in the amount of $56,525.00 plus costs of $120 to bear interest at 8.75%, declared the debt to be nondischargeable, and denied Mr. Harmes his discharge.

On November 6, 2006, nine years after the entry of the default judgment and shortly after the McCabes' collection efforts significantly began or intensified, Mr. Harmes through his new attorney Gary Lakin filed a Motion to Re-open and Set Aside Default Judgment. In the motion, he alleges that his schedules incorrectly stated the debt to the McCabes as $60,000 when it really was only $6,000. He claims that he moved to California and that Doctor Morrisey had never notified him of this adversary proceeding or the default judgment. He claims that the McCabes knew or should have known that their claim was grossly overstated. In other words, Mr. Harmes alleges that based on his accidental listing of the McCabe's debt as $60,000, the McCabes then lied in the adversary proceeding to inflate their $6,000 claim to the $56,525 judgment.

The Motion to Reopen and Set Aside Default Judgment came on for an evidentiary hearing on March 5, 2009. At the conclusion, the Court made oral findings of fact and conclusions of law on the record and denied the Motion. The Court found Mr. Harmes to be not credible. Specifically, the Court did not believe that Doctor Morrisey would have 1) filed an answer, 2) drafted interrogatories and a request for production and sent them to Plaintiffs, 3) responded to Plaintiff's objection to discovery, or 4) filed a motion to compel without specific instructions from his client to do so. The Court found it not credible that Mr. Harmes would list as virtually his only debt the McCabe's claim at $60,000 undisputed on his bankruptcy schedules, then sign the schedules under oath as being correct and then testify at the first meeting of creditors that the statements were correct if indeed he owed only $6,000 as he now stated in his Motion to Reopen. The Court found that the Motion to Reopen was an attempt to delay collection efforts by the McCabes. The Court also found that there was no extraordinary circumstances that would justify relief at this time, and alternatively that no other part of Rule 60(b) was implicated. Furthermore, the Court found that Harmes had

not shown the existence of a meritorious defense to the claims asserted against him.

At the sanctions hearing, Mr. Harmes stated that all he had wanted was a chance to challenge the amount of the judgment and force the Plaintiffs to prove their claim. He also claimed that he could not pay any sanction because he was in bad financial shape and facing the loss of his house. These claims are not evidence, however. The parties' stipulation for resolving the sanctions motion did not include the Court's taking closing argument representations as evidence.

## CONCLUSIONS OF LAW

■ The Court concludes that Mr. Harmes made representations to the Court which were sanctionable. Specifically, Mr. Harmes submitted and advocated a motion which he knew was based on false allegations and other factual contentions that had no evidentiary support. He filed the motion for the purposes of delay. His stated purpose of the motion was to force the Plaintiffs to prove their claim; he should have done this either by participating in the adversary and avoiding the default judgment, or by challenging the affidavit on which the judgment was based. And, he should have done this in 1997, not in 2006 after a crucial witness (Doctor Morrisey) had died. Furthermore, the stated purpose of making Plaintiffs prove their claim at this point is improper.

■ In summary, Mr. Harmes wasted the Court's resources, wasted the McCabe's time, and wasted the McCabe's money that they had to expend on their attorney. He lied to the Court. The Court therefore finds that a serious sanction is proper. Considering the factors set out above, the Court finds that an award of $10,000 is a proper sanction to deter Mr. Harmes and others similarly situated from filing unsupportable motions based on false allegations.

Even were the Court to take as credible evidence Mr. Harmes' statement about his dire financial circumstances, the Court considers that lying to the Court by filing a frivolous motion reciting false facts, leading to an evidentiary hearing, is a very serious violation of Rule 9011. Such a violation should be strongly discouraged not only as to Mr. Harmes, but also as to any other party that might contemplate such behavior, including a party that might have considerably more resources than Mr. Harmes.

A separate Judgment will be entered imposing a sanction of $10,000, payable to the McCabes.