ELECTRONIC CITATION:  2001 FED App. 0003P (6th Cir.)
File Name:  01b0003p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

|                                          |   |            |
|------------------------------------------|---|------------|
| In re:  RICHARD A. ZINNI and KIMBERLY M. ZINNI, | ) | |
|                                          | ) | |
| Debtors.                                 | ) | |
| _____  | ) | |
|                                          | ) | |
| KNOWLES BUILDING CO.,                     | ) | |
|                                          | ) | |
| Plaintiff-Appellant,                     | ) | |
|                                          | ) | |
| v.                                       | ) | No. 00-8051 |
|                                          | ) | |
| RICHARD A. ZINNI, et al.,                 | ) | |
|                                          | ) | |
| Defendants-Appellees.                    | ) | |
| _____  | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division at Cleveland.
No. 99-14902; Adv. No. 99-1447.

Submitted on Briefs: January 30, 2001

Decided and Filed:  April 19, 2001

Before: AUG, BROWN, and HOWARD, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  Jonathan P. Blakely, Cleveland, Ohio, for Appellant.  Richard A. Baumgart, Robert D. Barr, DETTELBACH, SICHERMAN & BAUMGART, Cleveland, Ohio, for Appellees.

_____

**OPINION**

_____

J. VINCENT AUG, JR., Bankruptcy Appellate Panel Judge. Appellant-Plaintiff Knowles Building Co. ("Knowles") appeals the bankruptcy court's order in favor of Appellee-Debtor Kimberly M. Zinni awarding her attorney fees under Federal Rule of Bankruptcy Procedure 9011[1] arising from Knowles' improper prosecution of a nondischargeability claim against her. The Panel has determined after examining the briefs, appendix, and record that oral argument is not needed. FED. R. BANKR. P. 8012. For the reasons stated below, the decision of the bankruptcy court will be **AFFIRMED** in part and **REMANDED** in part.

## I.  ISSUES ON APPEAL

1.  Whether the appeal should be dismissed because Knowles failed to include a trial transcript in the record on appeal.

2.  Whether the bankruptcy court committed procedural error by failing to enter an order describing the specific offensive conduct as required by Bankruptcy Rule 9011(c)(1)(B).

3.  Whether the bankruptcy court abused its discretion in awarding attorney fees against Knowles and its attorney under Bankruptcy Rule 9011.

4.  Whether the bankruptcy court abused its discretion in the amount of the sanction awarded.

5.  Whether the appeal is frivolous under Federal Rule of Appellate Procedure 38.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized

---

[1]Further references to the Federal Rules of Bankruptcy Procedure will be made as "Bankruptcy Rule ___".

appeals to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

The bankruptcy court's order regarding sanctions under Bankruptcy Rule 9011 is final and appealable because the underlying adversary proceeding is complete. *See Polo Bldg. Group, Inc., v. Rakita (In re Shubov),* 253 B.R. 540, 543 (B.A.P. 9th Cir. 2000) (sanctions order final because no ongoing adversary proceeding and therefore no risk of interfering with trial court's ability to structure sanctions, or of promoting piecemeal appeals). *Cf. Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 119 S. Ct. 1915 (1999) (immediate appeal from sanction order, under Federal Rule of Civil Procedure 37, not allowed).

Decisions regarding the imposition and amount of sanctions under Bankruptcy Rule 9011 are reviewed for an abuse of discretion. *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 696, n.1 (6th Cir. 1999); *Masunaga v. Stoltenberg (In re Rex Montis Silver Co.)*, 87 F.3d 435, 439 (10th Cir. 1996) ("The appellate court must apply an abuse-of-discretion standard in reviewing 'all aspects' of a Rule [9011] determination.") (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2460-61 (1990)). A bankruptcy court "abuses its discretion if it bases its conclusion on an erroneous version of the law or on a clearly erroneous assessment of the evidence." *Silverman v. Mutual Trust Life Ins. Co. (In re Big Rapids Mall Assocs.)*, 98 F.3d 926, 930 (6th Cir. 1996) (citation omitted).

## III.   FACTS

On November 8, 1999, Knowles, an owner of commercial property, commenced an adversary proceeding against both Debtors, Richard and Kimberly Zinni, under 11 U.S.C. § 523(a)(2)(B). The underlying transaction concerned a business debt of GRT Investments, Inc. GRT was in the business of providing recreational areas for children and was owned by Richard Zinni and his brother. The GRT debt to Knowles was guaranteed personally by both Richard and Kimberly Zinni. In connection with said debt and

3

guarantee, a financial statement prepared by the Zinnis' accountant and attorney was provided to Knowles' attorney. The financial statement listed assets and liabilities of both Richard and Kimberly Zinni but was signed only by Richard Zinni.

In her answer to the adversary proceeding, Kimberly Zinni contended that because she had not signed the financial statement, the complaint failed to state a claim against her. On this basis she also filed a counterclaim against Knowles, demanding to receive her attorney fees and costs for defending the adversary proceeding. The counterclaim did not reference Bankruptcy Rule 9011.

On April 24, 1999, Kimberly Zinni filed a motion for a default judgment on her counterclaim. Knowles did not file a response to the motion and the bankruptcy court apparently never ruled on the motion.

Also on April 24, 1999, the bankruptcy court held a final pretrial conference. The bankruptcy court expressed concern that Kimberly Zinni was named as a defendant when she had not signed the financial statement.[2]

On May 3, 1999, the bankruptcy court conducted a trial on the 11 U.S.C. § 523(a)(2)(B) claims of Knowles' complaint. At the conclusion of the trial, the court again expressed concern that Kimberly Zinni had been put through a trial and that a possible Bankruptcy Rule 9011 violation existed.[3]

On May 19, 1999, the bankruptcy court entered its Post-Trial Briefing Schedule and Bench Ruling requiring Knowles to file a post-trial brief on "Kimberly M. Zinni's counterclaim for damages for plaintiff's failure to state a claim against her." (Appellee's App. Ex. F at 1.)

On June 26, 2000, the bankruptcy court entered its Memorandum of Opinion finding the debt to Knowles dischargeable.[4] Specifically, the bankruptcy court ruled that Knowles

---

[2]This "fact" is taken from Knowles' subsequently filed post-trial brief. *See* Appellee's App. Ex. D at 2.

[3]This "fact" is also taken from Knowles' post-trial brief. *See* Appellee's App. Ex. D at 2.

[4]Although Knowles originally appealed this portion of the bankruptcy court order, its subsequent motion to dismiss that portion of the appeal has been granted by the Panel.

failed to prove that the Zinnis made any material misrepresentations; that Knowles failed to prove that the Zinnis had any intent to deceive Knowles; and that Knowles "relied primarily on Richard [Zinni]'s status and income as a doctor and viewed the [financial statement] largely as a formality." (Appellee's App. Ex. A at 5-6.) In other words, the bankruptcy court concluded that regardless of who did or did not sign the financial statement, Knowles did not rely on it.

With respect to the question of whether sanctions should be imposed, the bankruptcy court considered the conduct of Knowles and its attorney and found that:

> Knowles' initiation of this proceeding and its continued prosecution despite clear and explicit warnings and early, unchallenged evidence that it had no case against Kimberly [Zinni], constitute a violation of Rule 9011(b)(3) by both Knowles and its counsel. The only apparent explanation for that behavior was to increase Knowles' leverage against the Debtors, the sort of behavior that Rule 9011 is intended to discourage by appropriate sanction. It appears that counsel may have persisted in that action because of pressure from Knowles' principals and that Knowles should also be held liable for breach of Rule 9011.

(Appellee's App. Ex. A at 10.)

Based on this behavior, the bankruptcy court found a violation of bankruptcy Rule 9011(b)(3) by both Knowles and its attorney. The bankruptcy court awarded a sanction jointly and severally against Knowles and its attorney in the amount of $3,168.05, which was half of both the Zinnis' reasonable legal fees. The bankruptcy court's conclusion that sanctions should be imposed was based on its finding that Knowles did not rely on any of Kimberly Zinni's representations, and therefore, Knowles' nondischargeability claim against her did not have evidentiary support.[5] Important to the bankruptcy court's decision was the fact that Kimberly Zinni, by way of a counterclaim, alerted Knowles early in the case to the possibility that Knowles might not have a claim against her. The bankruptcy court also

---

[5]Specifically, the bankruptcy court found "Knowles' failure to request Kimberly [Zinni]'s signature on the [financial statement] was clear and unmistakable evidence that Knowles did not view the [financial statement] as her statement." (Appellee's App. Ex. A at 10.)

noted an early deposition of Kimberly Zinni showing her complete lack of involvement in the business or its debts.

This timely appeal followed. Kimberly Zinni filed a motion to dismiss the appeal as frivolous under Federal Rule of Appellate Procedure 38.

## IV. DISCUSSION

**Failure to include a trial transcript is not fatal to Knowles' appeal**.

Citing Bankruptcy Rule 8006, Kimberly Zinni correctly states that Knowles, as appellant, has the burden to designate the items to be included in the record on appeal. Knowles did include in its designation the transcript of the May 3, 2000 trial. However, because of the $1,400.00 cost of the transcript, Knowles decided not to order or submit the transcript.

Kimberly Zinni contends that Knowles' failure to provide the trial transcript is reason for denying the appeal. There is some legal basis for this contention. *See* FED. R. APP. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); *Stookey v. Teller Training Distribs., Inc.,* 9 F.3d 631, 635 (7th Cir. 1993) (failure to comply with Federal Rule of Appellate Procedure 10(b) is grounds for dismissal); *see also* 6th Cir. B.A.P. LBR 8009-3 ("Pursuant to [Bankruptcy] Rule 8009(b)(9), the appendix shall include the portions of the transcript necessary for adequate review of the issues before the panel."). The purpose of the rule is to provide the reviewing court with the means to apply the relevant law to the facts of the case. *See Jones v. Banks*, 103 F.3d 133 (7th Cir. 1996) (unpublished table decision). Of course, an appellant's failure to provide a transcript is more critical when the ruling being appealed is oral. *See McGinnis v. Gustafson*, 978 F.2d 1199 (10th Cir. 1992) (failure to include transcript of district court's oral ruling raises effective barrier to informed substantive appellate review). In the end, the analysis must turn on whether or not the record discloses the factual and legal basis of the order under review. *E.g., Malone v. Payeur (In re Payeur)*, 22 B.R. 516, 519 (B.A.P. 1st Cir. 1982).

6

The June 26, 2000 bankruptcy court order, which is in the record, discloses the factual and legal basis of the trial court order to allow appellate review. While Knowles' failure to include the May 3, 2000 trial transcript or portions thereof may hinder its ability to argue on appeal that the bankruptcy court made an unsupported finding of fact or conclusion of law, failure to submit the transcript, in and of itself, is not a reason to deny the appeal. This is especially true in view of the fact that the cost of the transcript is 44% of the sanction amount at issue.

**The bankruptcy court complied with the provisions of Bankruptcy Rule 9011(c)(1)(B).**

Bankruptcy Rule 9011 contemplates a sanction as being initiated either by a party, or on the court's initiative. *Compare* Bankruptcy Rule 9011(c)(1)(A) *with* Bankruptcy Rule 9011(c)(1)(B). Kimberly Zinni initially challenged the validity of Knowles' claim against her by way of a counterclaim. She did not, however, otherwise follow the procedural requirements of Bankruptcy Rule 9011(c)(1)(A). Specifically, Kimberly Zinni did not serve a separate motion for sanctions prior to filing it with the court. Although Kimberly Zinni filed a motion for default judgment on her counterclaim, the bankruptcy court never ruled on that motion. The bankruptcy court initiated the sanction procedure. Thus, Bankruptcy Rule 9011(c)(1)(B) is applicable.

The Bankruptcy Rule requires the bankruptcy court to "enter an order describing the specific conduct that appears to violate [Bankruptcy Rule 9011](b) and directing an attorney, law firm, or party to show cause why it has not violated [Bankruptcy Rule 9011](b) with respect thereto." *See* FED. R. BANKR. P. 9011(c)(1)(B). Knowles contends that the bankruptcy court did not satisfy this requirement.

Although the May 9, 2000 order does not specifically use the term "show cause", the order requires Knowles, as well as Kimberly Zinni, to submit a "post-trial briefing." The May 9, 2000 order describes the specific conduct in question by referencing "Kimberly M. Zinni's counterclaim for damages for plaintiff's failure to state a claim against her." The counterclaim, in turn, specifically states that Kimberly Zinni did not sign the financial statement. The bankruptcy court's May 9, 2000 order satisfied the requirements of

Bankruptcy Rule 9011(c)(1)(B) by providing notice, a description of the specific conduct with which the bankruptcy court was concerned and an opportunity to respond.

**The bankruptcy court did not abuse its discretion in awarding fees under Bankruptcy Rule 9011(b)(3)**.

As noted above, the bankruptcy court imposed sanctions on its own initiative pursuant to Bankruptcy Rule 9011(c)(1)(B). The bankruptcy court specifically described the conduct it considered sanctionable in its Memorandum Opinion as the pursuit of the § 523(a)(2)(B) claim against Kimberly Zinni. It also found that the sole purpose of Knowles' action against Kimberly Zinni was to obtain leverage in Knowles' adversary action against Richard Zinni. Knowles' post-trial brief was its opportunity to show cause why it should not be held to have violated Bankruptcy Rule 9011.

Pursuant to Bankruptcy Rule 9011(b)(3), an attorney is certifying to the court that the factual allegations in a pleading have evidentiary support. "[T]he test for imposing Rule 9011 sanctions is whether the individual's conduct was reasonable under the circumstances." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 481 (6th Cir. 1996). The inquiry is to be made as of the time the attorney engaged in the questionable conduct. *In re Fordu*, 209 B.R. at 865 (citing *Silverman*, 98 F.3d at 930). Simply because a party's arguments are not accepted by the trial court does not support a sanction under Bankruptcy Rule 9011. *In re Fordu*, 209 B.R. at 867.

Thus, the issue is whether the allegation in Knowles' complaint that Knowles reasonably relied on the financial statement, to the extent that it related to Kimberly Zinni, was reasonable under the circumstances.

A copy of the financial statement was attached to the complaint. It is not signed by Kimberly Zinni. This obvious fact should have called into question the viability of Knowles' factual contention that it relied on the financial statement as it related to Kimberly Zinni. Certainly, the viability of the factual contention of reliance should have been questioned upon the receipt of Kimberly Zinni's counterclaim. Further, in an earlier deposition of Kimberly Zinni in state court she demonstrated that she had no knowledge of the business debts at issue. The bankruptcy court determined that the only explanation for Knowles'

8

continued pursuit of the claim against Kimberly Zinni was to increase its leverage in the adversary action. Thus, the bankruptcy court did not abuse its discretion in finding that it was unreasonable for Knowles to have pursued its claim against Kimberly Zinni.

It should also be noted that federal courts, including the bankruptcy court, have the inherent power to impose sanctions on a scope broader than that of Bankruptcy Rule 9011, including monetary sanctions. *See Schwartz v. Kujawa (In re Kujawa)*, 256 B.R. 598, 610-12 (B.A.P. 8th Cir. 2000) (sanctions were particularly applicable where sanctioned attorney was alerted several times that his actions in pursuing an involuntary petition against debtor could warrant sanctions and he had ample opportunity to respond or otherwise change his course of action to prevent sanctions from being imposed against him). As in *Schwartz*, the inherent power to sanction may be "particularly applicable here." *Id*. at 610.

### Remand is necessary on the amount of the sanction awarded.

Federal Rule of Bankruptcy Procedure 9011(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include . . . if . . . warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Factors to be considered include whether the party to receive the award acted promptly to call the Rule 9011 violation to the court's attention and whether said party mitigated damages by avoiding unnecessary expenses in responding to papers that violated the rule. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989). The trial court should also make some inquiry concerning the attorney's ability to pay a monetary sanction. *Id*. at 1230.

Knowles contends that Kimberly Zinni delayed for four months before filing a motion for default judgment. To the contrary, by way of a counterclaim, Kimberly Zinni promptly notified Knowles that she believed there was no claim against her because she had not signed the financial statement. Also, there is no evidence that Kimberly Zinni failed to mitigate her damages. To the contrary, she filed a motion for default judgment on her

counterclaim but for reasons not apparent in the record, the motion was not ruled upon by the bankruptcy court.

Knowles contends that the amount of the sanction is unreasonable since the Zinnis would have incurred substantially the same legal expenses had Knowles brought a claim against only Richard Zinni. The bankruptcy court was very clear that it awarded the sanction because it believed that Knowles continued to pursue its claim against Kimberly Zinni to get "leverage" over the Debtors which is exactly the kind of behavior that Bankruptcy Rule 9011 is intended to discourage.

Knowles contends that the bankruptcy court did not make an inquiry into the ability of Knowles or its counsel to pay the sanction. Given the relatively nominal amount of the sanction, it is doubtful that the sanction would drive either Knowles or its attorney out of business. *See Jackson*, 875 F.2d at 1230 ("Rule [9011] should not be used as a vehicle to drive an attorney out of practice.") (citation omitted). Notwithstanding our reluctance to force the parties to expend yet more time and expense on a relatively small sanction award, the statement in *Jackson*, that "[f]ailure to consider ability to pay is, however, an abuse of discretion," leaves us no room but to remand so that the bankruptcy court may consider that factor alone. *Id.*

### The appeal is not frivolous under Federal Rule of Appellate Procedure 38.

Pursuant to Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and a reasonable opportunity to respond, award just damages and single or double costs to the appellee." An appeal is frivolous "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 591 (6th Cir. 1987) (quoting *Dallo v. I.N.S.*, 765 F.2d 581, 589 (6th Cir. 1985)); *see also Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265-66 (7th Cir. 1999) (appellant who raised "substantial, if non-meritorious, legal challenges" to trial court decision that "created some conceivable chance of reversal" did not bring frivolous appeal).

Kimberly Zinni contends that the appeal is frivolous and requests dismissal of the appeal as well as costs and attorney fees. Specifically, Kimberly Zinni contends that the

appeal is frivolous because Knowles failed to respond to the counterclaim in the bankruptcy court proceeding, that Knowles failed to file a notice of appearance, that Knowles failed to order a transcript, that Knowles failed to brief an issue on appeal, and that Knowles failed to serve a joint appendix.

These actions are better described as risks taken by the appellant and do not serve to lower the appeal to the level of one being brought without merit and for improper purpose. This is evidenced by the substantive procedural issues raised by Knowles in its appeal and the remand to the bankruptcy court to consider the limited issue of the ability of Knowles and its attorneys to pay the amount of the sanction. A determination of the merits of the appeal has been made and the issue of Bankruptcy Rule 9011 sanctions has been resolved in favor of the appellees. Additional damages and costs are not justified for this appeal. Further, dismissal of an appeal is not expressly authorized by Federal Rule of Appellate Procedure 38.

## V. CONCLUSION

For the reasons stated herein, Debtor's motion to dismiss the appeal is **DENIED**. The order of the bankruptcy court imposing sanctions against Knowles and its attorney, jointly and severally is **AFFIRMED**, but the case is **REMANDED** for the bankruptcy court's consideration of whether the appellant and its attorneys have the ability to pay the $3,186.05 amount of sanctions.