**In re Dwight THOMPSON, Debtor.**

No. 04–30980.

United States Bankruptcy Court,
N.D. Ohio.

Sept. 20, 2004.

Linda Maria Battisti, Office of the U.S. Trustee, Cleveland, OH, for Debtor.

## *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Hearing on the Motion of Donald Harris for Sanctions Against the United States Trustee. This Motion was filed in response to the Motion of the United States Trustee, which it subsequently dismissed, to Review Mr. Harris' Fees as a bankruptcy petition preparer, wherein it sought both the partial disgorgement of Mr. Harris' fees, and to establish in this Court a cap on the amount of fees Mr. Harris can charge as a bankruptcy petition preparer for purposes of 11 U.S.C. § 110. At the Hearing, Mr. Harris set forth that, pursuant to his Motion, he seeks two forms of relief: monetary sanctions in the amount of $10,000.00; and injunctive relief, wherein the United States Trustee be enjoined from bringing similar Motions to Review Fees.

On Mr. Harris' Motion, the Court, based upon the arguments made by the Parties, together with the evidence presented, makes the following factual findings in accordance with Bankruptcy Rules 9014 and 7052:

-On February 19, 2004, the instant bankruptcy case was filed by Mr. Dwight Thompson as a pro se debtor. The Movant in this matter, Donald Harris, served as a petition preparer for the Debtor.

-On April 6, 2004, the United States Trustee filed a Motion in the instant case to review the fees and services rendered by Mr. Harris as a petition preparer.

-On May 11, 2004, Mr. Harris filed the instant Motion for Sanctions. As a part of this Motion, Mr. Harris also filed a Motion to Dismiss the Motion of the United States Trustee to review his fees

and services, a matter which subsequently became moot when, on July 19, 2004, the United States Trustee voluntarily dismissed its Motion to review fees.

-Approximately three years prior to the commencement of the instant bankruptcy case, the United States Trustee filed Motions in each of the following cases to review the fees Mr. Harris charged as a petition preparer:

In re Michael Leonard, Case No. 01–30273; In re David Howey, Case No. 01–30274; In re Pamela Gilliam, Case No. 01–30275; In re Robin Miller, Case No. 01–30276; In re Kenneth & Donna Morelli, Case No. 01–30534; In re Jeremy Seitz, Case No. 01–30799; In re Richard Sorrell, Case No. 01–30782; In re Floyd Skelton, Case No. 01–30958; In re John Ludu, Case No. 01–30959; and In re Candace Faylor, Case No. 01–30185.

-In each of these cases, the Court declined to cancel Mr. Harris' fee agreement or otherwise order him to refund the $550.00 he charged in each of the cases; but based upon his failure to file a declaration as required under 11 U.S.C. § 110, the Court imposed sanctions against Mr. Harris.

-Mr. Harris, as a bankruptcy petition preparer, has prepared petitions for numerous debtors in both this Court, and other courts in the Northern District of Ohio. In many of these cases, the United States Trustee has filed Motions, similar to the one underlying the instant matter, involving possible improper fee arrangements.

## DISCUSSION

At the Hearing held in this matter, this Court, after questioning Mr. Harris, was able to narrow the grounds upon which his Motion is based to the resolution

of this single factual issue: whether, based upon his status as a bankruptcy petition preparer, the United States Trustee engaged in vexatious or otherwise harassing conduct in bringing its Motion to review his fees. Motions, such as this, seeking sanctions against a party for conduct arising directly from a bankruptcy case are deemed core proceedings for purposes of jurisdiction under 28 U.S.C. § 157(b)(2). *In re Memorial Estates,* 950 F.2d 1364, 1370 (7th Cir.1991) (motion for 'frivolous filing' sanctions gives rise to core proceeding regardless of whether conduct occurred in core or noncore proceeding).

Mr. Harris brings his actions for sanctions pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

With respect to this specific statutory language, however, some courts have held that a bankruptcy court, being an Article I court, is not a "court of the United States;" thus, creating a split of authority as to whether a bankruptcy court is authorized to impose sanctions under this section. *See, e.g., Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.),* 40 F.3d 1084, 1086 (10th Cir.1994) (holding a bankruptcy court is not a court of the United States for purposes of § 1927).

■ In the instant matter, however, resolution of this legal issue is not necessary; when an action is brought for vexatious purposes, § 1927 does not constitute the only source of relief for an aggrieved party, with a bankruptcy court's authority to impose sanctions also existing under Bankruptcy Rule 9011, 11 U.S.C. § 105(a) and simply through the court's inherent powers to sanction conduct that is an affront to the judicial process. *Id.* at 1086–87; *Knowles Bldg. Co. v. Zinni (In re Zinni),* 261 B.R. 196, 203 (6th Cir. BAP 2001) (bankruptcy courts have inherent power to impose sanctions, including monetary sanctions, on a scope broader than that of bankruptcy). Relevant in this particular matter is Bankruptcy Rule 9011, the applicability of which was explicitly addressed by both Parties, thereby making a decision as to whether sanctions are appropriate under this Rule ripe for determination. *See* Bankruptcy Rule 7015(b), made applicable by the Court to this matter through Bankruptcy Rule 9014, which holds that, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Before beginning with the substantive part of this analysis, however, a point of order is required.

In part, Mr. Harris' position that the United States Trustee engaged in vexatious conduct relied not only the factual circumstances presented in this Court, but also on the cumulative effect of the Trustee having brought similar actions to review fees in other bankruptcy courts in this region. The Court, however, at the Hearing held in this matter, voiced a number of concerns over affording evidentiary weight to those actions brought in other courts—e.g., jurisdiction; lack of corroborating evidence; and comity. Based, therefore, upon these concerns, the Court, as held from the bench, will address the merits of Mr. Harris' Motion solely from the events that transpired in this Court.

■ Bankruptcy Rule 9011, which is derived from Rule 11 of the Federal Rules of Civil Procedures, provides, in relevant part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

The purpose of this Rule is twofold: the deterrence of conduct that is injurious to the judicial process; and to provide compensation to those parties aggrieved by the injurious conduct. *Jackson v. Law Firm,* 875 F.2d 1224, 1229 (6th Cir.1989).

In this case, Mr. Harris put forth that, in seeking to review his fees, the position taken by the United States Trustee was violative of Rule 9011, referring this Court to these two facts: (1) this Court, over the United States Trustee's objection, had previously allowed Mr. Harris, as a petition preparer, to charge fees of $550.00, which he noted is $100.00 dollars less than what was charged in this case; and (2) the United States Trustee voluntarily dismissed its action against Mr. Harris. In reply, the United States Trustee's put forth that its position to again review Mr. Harris' fees in this case was based on an expanding body of case law—much of it developed since the time of those decisions

wherein this Court's allowed Mr. Harris to retain $550.00 in fees—which placed a low monetary threshold on the permissible amount of a petition preparer's fees.[1] In Rule 9011 terminology then, it is the position of the United States Trustee that it was making a nonfrivolous argument for a modification/reversal of existing law.

Under Rule 9011, a nonfrivolous argument is viewed by an objective standard, and asks whether the argument(s) made to extend, modify or reverse the standing precedent holds any chance for success. *Azurite Corporation Limited v. Amster & Company,* 844 F.Supp. 929, 940 (S.D.N.Y.1994). Recognizing a frivolous argument, however, as the Sixth Circuit noted, is often like obscenity, "difficult to define." 829 F.2d 585. On the other hand, certain positions must necessarily fall outside the realm of a frivolous argument. One of which, as the United States Trustee argues, is the situation presented here where, subsequent to the time of the decision establishing the precedent to be modified or reversed is rendered, a discrepant body of case law develops. To hold otherwise, would effectively freeze the law in place; something paragraph (2) of Rule 9011 was specifically designed to prevent. *See e.g., Guzzello v. Venteau,* 789 F.Supp. 112, 118 (E.D.N.Y.1992) (Rule 11 sanctions should be sparingly imposed, and care should be taken to avoid chilling creativity or stifling enthusiasm).

Nevertheless, while this settles that matter as to whether the position taken by the United States Trustee is frivolous for purposes of paragraph (2) of Rule 9011, the question still remains: In violation of the first paragraph of Rule 9011(b), did the United States Trustee bring its Motion to

---

1. *In re Alexander,* 284 B.R. 626 (Bankr. N.D.Ohio 2002) (maximum bankruptcy petition preparer may charge is $200.00); *In re Haney,* 284 B.R. 841 (Bankr.N.D.Ohio 2002) (maximum bankruptcy petition preparer may charge is $200.00).

Review Mr. Harris' fees for any "improper purpose."

Like the inquiry into whether a party's position is nonfrivolous, whether an action is brought for an "improper purpose" is generally measured by an objective standard. *Deere & Company v. Deutsche Lufthansa Aktiengesellschaft*, 855 F.2d 385, 393 (7th Cir.1988). As guidance, Rule 9011(b) defines an "improper purpose" with reference to a nonexclusive list of three common situations that will give rise to a violation: (1) when the action is brought, as is alleged here, to harass; (2) when the action is brought to cause unnecessary delay; or lastly, (3) when the action will cause a needless increase in the costs of litigation. As all litigation, however, necessarily has some adverse effects on the parties, the "conduct forming the basis of the charge of harassment must do more than in fact bother, annoy or vex the complaining party." *Knop v. Johnson*, 667 F.Supp. 512, 516 (W.D.Mich.1987).

Like its defense to a frivolous claim, the United States Trustee's argument against the existence of any "improper purpose" in bringing its motion to review Mr. Harris' fees remains essentially the same: since it was seeking a good-faith reversal/modification of this Court's prior decisions, its actions cannot be viewed as having been brought for an "improper purpose." In considering the Trustee's argument, it is initially observed that there exists authority, although not universally held, that when a claim is found not to be frivolous, it must necessarily follow that claim cannot be based upon an "improper purpose." *See, Sussman v. Bank of Israel*, 56 F.3d 450 (2nd Cir.1995) (holding that a nonfrivolous claim cannot be based upon an improper purpose). *Compare, Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir.2001) (stating that "Rule 11 may be violated when, even if the claims are well based in fact and law, parties or their attorneys bring the action for an improper purpose."). In other words, as long as a claim stands some chance for success, the claim cannot be deemed to have been brought for an "improper purpose." The reasoning for this is that when a valid legal right is sought to be enforced, it is not proper for a court to inquire into the litigant's motives.

Adopting such a structured approach, however, is both unnecessary and counter to the overall structure of Rule 9011; of particular import, in joining together the clauses of proscribed conduct in Rule 9011 by the conjunctive word "and," an attorney is certifying as to all of the clauses, thus denoting that a violation of any one clause may be sanctionable. Still, the categories of proscribed conduct under Rule 9011 should not be compartmentalized, but should instead be viewed as complementary. As set forth by the Ninth Circuit Court of Appeals in the case of *Townsend v. Holman Consulting Corp.*, "[a]lthough the 'improper purpose' and 'frivolousness' inquiries are separate and distinct, they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose." 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). Such overlapping is present here, with the United States Trustee's assertion of a nonfrivolous claim weighing heavily toward a finding that it lacked any "improper purpose" in bringing its Motion to Review Fees.

To begin with, waiting three years to challenge a court's previous position, and then only doing so based upon a developing body of case law—thereby making the position tenable (i.e., nonfrivolous)—is highly indicative of a party proceeding in good faith; a concept which, on its face, is inapposite to the "improper purpose" prohibition as set forth in Bankruptcy Rule

9011. Similarly, Mr. Harris' reliance on this Court's prior decisions wherein it allowed him, as a bankruptcy petition preparer, to retain fees in the amount of $550.00 is inappropriate.

Mr. Harris cites to these prior decisions (and has apparently cited to these decisions in other courts) for the position that this Court believed $550.00 to be a reasonable fee for a petition preparer to charge under the provisions of 11 U.S.C. § 110, thus, making the issue, in the words of Mr. Harris, *res judicata*. However, the doctrine of *res judicata*, or for the matter other legal doctrines which operate so as to generally preclude the reargument of issues—e.g., *stare decisis*—require that the merits of the issue actually be addressed by the court. Here, nothing even close to this took place, with this Court, in allowing his fees, stating only: "I think $550.00 is pushing it, but I'm not going to get involved in it; that is a market issue." As a result, whether in this Court or other courts, Mr. Harris' reliance on those previous decisions wherein it allowed him to retain, as a bankruptcy petition preparer, fees of $550.00 is entirely misplaced.

Still, Mr. Harris argues that the United States Trustee's actions must also be viewed under the light that its Motion to review his fees was voluntarily dismissed. In other words, Mr. Harris argues that had it believed that its position had merit—as opposed to being brought for the "improper purpose" of harassing him on account of his status as a bankruptcy petition preparer—the United States Trustee would have pursued its Motion to review his fees to fruition. This position, however, while possibly having merit in isolation (bringing a lawsuit with no intent of actually pursing it, may be an "improper purpose" under Rule 9011),[2] fails to take into account a couple of other facets of this case.

First, the United States Trustee put forth that the dismissal of its action to review Mr. Harris' fees stemmed directly from a subsequent change in policy, and not, contrary to Mr. Harris' position, from its belief that it could not prevail on the merits. Although no actual corroborating evidence was offered to support this position, the Court nevertheless finds this explanation credible. It is of common knowledge that in government agencies policy decisions are constantly being made and modified at all levels, the United States Trustee's office being no exception. As a result, it is easy to envision that, on occasion, an action brought by an attorney on behalf of the United States Trustee's office may later conflict with a later policy directive of the agency, and thus require dismissal of the underlying action. Secondly, and contrary to what would be indicative of a lack of intent to pursue an action, the Court could not discern any correlation between the Trustee's dismissal of its Motion to review fees and Mr. Harris' motion for sanctions, with the timeline of the relevant events showing this: the Debtor's bankruptcy petition was filed on February 14, 2004; on April 6, 2004, the Trustee filed its Motion to review Mr. Harris' fees; on May 11, 2004, Mr. Harris filed his instant Motion for sanctions, but not until more than two months later, on July 19, 2004, did the United States Trustee actually withdraw its Motion.

On a final note, it should be stressed that the issue as to whether Mr. Harris' fees are reasonable in this particular case is not before the Court, the United States Trustee having withdrawn its Motion to

2. *See, e.g., Elster v. Alexander,* 122 F.R.D. 593, 604 (N.D.Ga.1988) (bringing an action solely in an attempt to coerce settlement is sanctionable).

Review Fees. Further, regarding the withdrawal of its Motion to Review Fees, the United States Trustee's reliance on its interpretation of prior comments, as cited to in its posthearing brief, made by the Court at a May 11, 2004, hearing held on Mr. Harris' fees, is misplaced. Thus, the question as to whether or not this Court will revise the amount of fees allowed to petition preparers in this case or in the future still remains unanswered.

Consequently, for all of the reasons stated herein, the act of the United States Trustee in bringing its Motion to review the fees of Mr. Harris is not sanctionable; nor do the circumstances in this matter warrant the imposition of injunctive relief against the United States Trustee. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of Donald Harris, as a bankruptcy petition preparer, for sanctions against the United States Trustee, be, and is hereby, DENIED.