**IN RE: Joseph Robert FIERKE, Debtor.**

**Case No. DK 13–04880**

United States Bankruptcy Court, W.D. Michigan.

Signed May 3, 2017

Jeffrey D. Mapes, Jeffrey D. Mapes, PLC, Grand Rapids, MI, for Debtor.

PRESENT: HONORABLE SCOTT W. DALES, Chief United States Bankruptcy Judge

MEMORANDUM OF DECISION & ORDER

Scott W. Dales, United States Bankruptcy Judge

This matter is before the court on the post-discharge motion for sanctions filed by chapter 13 debtor Joseph Robert Fierke ("Mr. Fierke" or the "Debtor") against 21st Mortgage Corporation, an entity that, until recently, held a security interest in his 2004 Skyline Manufactured Home.

Upon completing the payments required of him under his confirmed plan, the Debtor asked the lender to release its security interest, as it was required to do under the plan and applicable state law. When the lender failed to release its security interest in a timely manner, the Debtor, through counsel, filed his Motion for Sanctions Against 21st Mortgage Corp. on March 7, 2017, relying on 11 U.S.C. § 105. (ECF No. 77, the "Motion"). The lender timely filed a response (ECF No. 79), and the court conducted a hearing in Kalamazoo, Michigan, on May 2, 2017, before taking the matter under advisement. For the following reasons, the court will deny the Motion.

The facts in support of the Motion are generally not disputed, as the court determined during the hearing.[1] The confirmed plan provided that 21st Mortgage would receive $14,433.36 on account of its secured claim, and would retain its lien "until the earlier of (i) the payment of the underlying debt determined under applicable non-bankruptcy law or (ii) a discharge." *See* Plan at § III(C)(2)(b) (ECF No. 19, first

---

1. Neither party requested an evidentiary hearing, which is not surprising given the amount at stake, and the Debtor did not support the Motion with exhibits or an affidavit or solemn declaration under 28 U.S.C. § 1746. *See* Fed. R. Civ. P. 43(c) (applicable to this contested matter under Fed. R. Bankr. P. 9017). The court takes the facts from the statements of counsel and its review of specific docket entries.

pre-confirmation amendment) & § IV(N) (ECF No. 3, plan as originally filed). The Debtor made all payments required under the plan, and the court entered a standard Order of Discharge (ECF No. 71) on January 24, 2017. Under the plan, the parties agree that 21st Mortgage was obligated to "release its lien and provide evidence and/or documentation of such release within 30 days . . ." after entry of the Order of Discharge. *See* Plan at § IV(N).[2]

As it turns out, Mr. Fierke intended to sell the manufactured home promptly after the conclusion of his chapter 13 case, and had scheduled a closing for March 15, 2017. To facilitate the sale, and before the expiration of the 30 day deadline for releasing the lien, Mr. Fierke's counsel asked the lender to release its security interest, but without success. The parties agree that 21st Mortgage did not release its security interest by the February 23, 2017 deadline under the plan. They also agree that Mr. Fierke's counsel again contacted the lender on February 27, 2017, reiterating the request. When the lender failed to release the lien as required, Mr. Fierke filed his motion on March 7, 2017. Three days later (and before the March 15 closing) 21st Mortgage released its lien.

In his Motion, Mr. Fierke seeks damages in the amount of $435.00 (representing additional rent allegedly incurred because of the lender's delay in releasing the lien) and $500.00 (for attorney fees).

As noted above, the only authority cited in the Motion is § 105(a), which in relevant part authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Mr. Fierke, therefore, has appealed to the court's inherent power to sanction 21st Mortgage for its delay in complying with the lien release provisions of his confirmed plan. *See In re Zinni*, 261 B.R. 196, 202 (6th Cir. BAP 2001) (recognizing bankruptcy court's inherent authority to impose sanctions).

■ Although courts occasionally rely on § 105(a) to fill in gaps in the Bankruptcy Code, this court does not regard that statute as a license to right all wrongs, preferring instead to tether relief to more specific provisions in the Bankruptcy Code or Rules, or applicable non-bankruptcy law. *See generally Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 n.1 (6th Cir. 2000).

■ Moreover, the court is mindful that its "inherent powers must be exercised with restraint and discretion," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), and that, as noted during the hearing, the "American Rule" generally requires litigants to bear their own attorney fees, absent specific authority to the contrary. Indeed, the Supreme Court recently and forcefully invoked the American Rule, leaving no doubt that it applies in bankruptcy proceedings. *See Baker Botts L.L.P. v. ASARCO LLC*, — U.S. —, 135 S.Ct. 2158, 2164, 192 L.Ed.2d 208 (2015) ("Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.").

■ Of course, courts may shift attorney fees as a sanction, but they use this

---

**2.** The Debtor did not argue, as he might have, that the lender should have released its lien earlier, assuming the Debtor fully paid the underlying debt before the court entered the Order of Discharge. *See* Plan at § IV(N) (30 day release period triggered by full payment of debt or discharge of debtor).

power sparingly, only when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46, 111 S.Ct. 2123 (citations omitted).

■ The court does not condone the lender's delay in releasing its lien (especially given the thirty days already provided under the plan and nonbankruptcy law),[3] but the record does not reveal the sort of vexatious, wanton, or oppressive conduct that the Supreme Court indicates is a predicate for a court to impose sanctions using its inherent power, such as the power under § 105(a).[4] Rather, accepting the explanation of its counsel, 21st Mortgage, which presumably operates in a number of districts, was slow to perceive and adjust to the idiosyncratic lien release requirements included within our District's model chapter 13 plan. The response may seem sluggish, ill-advised, or even incompetent, but it does not smack of bad faith. Repeated delays, if called to the court's attention, might have suggested a pattern tending towards misconduct, but the record does not support such a finding.

Finally, it may be worth noting that under the most recent version of the District's model chapter 13 plan, a debtor "may move under Fed. R. Bankr. P. 7070, on notice to the holder of such a claim who refuses to release the lien, for an order declaring the lien released and for related relief." *See* Western District of Michigan Model Chapter 13 Plan (effective Jan. 1, 2017). Unlike § 105(a), Fed. R. Civ. P. 70 (incorporated under Fed. R. Bankr. P. 7070), provides relief more closely tailored to the problems described in the Motion, including a specific cost-shifting mechanism. *See* Fed. R. Civ. P. 70(a) ("If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court . . . .").

On the present record, in the absence of a showing of bad faith or pattern of misconduct, the court is unwilling to grant the relief requested in the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 77) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005–4 upon Joseph Robert Fierke, Jeffrey D. Mapes, Esq., Barbara P. Foley, Esq., and Richard A. Green, Esq.

**IT IS SO ORDERED.**

---

**3.** *See* Plan at § IV(N) & M.C.L. § 125.2330d(4).

**4.** If, instead of relying on § 105(a), Mr. Fierke had framed his Motion as one for contempt of the confirmation order (and plan), the court, in its discretion, would nevertheless reach the same result. *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (a decision on a contempt petition is within the sound discretion of the trial court). There is no question that 21st Mortgage was aware of the lien release provision within the plan and failed to comply with it, but the relatively modest delay in meeting its obligations, the absence of any showing of bad faith, and the explanation for the delay that its counsel offered during the hearing all lead the court to refrain from sanctioning the lender.